CARL FUNKE ET AL. V. RICHARD J. ALLEN ET AL.

FILED APRIL 8, 1898.　No. 7946.

1. **Sales:** REFUSAL OF BUYER TO PERFORM: DAMAGES. If a vendee in an executory contract of sale, or where the title of the property has not passed to him, refuses to perform, a right of action for damages arises in favor of the vendor for the injury or loss he has sustained by reason of the breach of the contract, and this is ordinarily or generally the difference between the market value of the property at the time and place of delivery, and the price fixed by the contract.

2. ——: ——: ——. The question of the measure of damages for a breach of an executory contract of sale was not directly involved in or necessary to a decision in *Lincoln Shoe Mfg. Co. v. Sheldon,* 44 Neb. 279; hence the statement of the rule therein was not authoritative.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.　*Reversed.*

*Charles E. Magoon,* for plaintiffs in error.

*S. L. Geisthardt, contra.*

HARRISON, C. J.

The plaintiffs in error were dealers in crockery and queensware in Lincoln and at the solicitation of a traveling salesman for defendants in error, a firm dealing in crockery and queensware in Philadelphia and New York, delivered to him a written order for a future shipment by the latter firm to the former of twenty toilet sets. Subsequently there was some correspondence between

the two firms relative to the order and the goods, the subjects of its terms, in the course of which it is claimed by plaintiffs in error there was a cancellation or renunciation of the order. After this is claimed to have occurred the vendors shipped the goods to Lincoln to plaintiffs in error, but they would not receive them. This action was instituted by the vendors to recover the price of the goods, it being alleged that they had been duly tendered to the vendees. Of the issues joined by the pleadings there was a trial in the district court of Lancaster county, the jury being instructed as follows: "The jury are instructed that under the pleadings and the evidence in this case the plaintiff is entitled to recover the sum of $103 and interest thereon from July 1, 1891, at the rate of seven per cent per annum and your verdict shall be for the plaintiffs and against the defendants for that amount. The total amount to this date is $127." There was a verdict in accordance with this instruction and judgment rendered thereon.

In this error proceeding it is contended for the vendees that inasmuch as they had withdrawn the order, if it constituted a breach of the contract of purchase, the vendors were not entitled to sue for and recover the agreed price, but a different measure of damages should have been applied and enforced. Under the evidence adduced it was a question for the court to determine whether the order for the goods had been countermanded, and on this point we will say that we are of the opinion that of the letters written by the vendees to the vendors there was one which by a fair construction can mean nothing more nor less than that the goods were not wanted by the vendees and would not be received by them under the then existent order. The letter was clear and specific to such effect. That such a letter constitutes a countermand of an order for goods, see *Peck v. Freeze*, 59 N. W. Rep. [Mich.] 600. This order was an incomplete or executory contract. The title to the goods had not passed to the vendees at the time they counter-

manded the order.   Their doing so was a breach of the contract, for which they became liable to the vendors in damages.   If the contract of sale is executory, the title has not passed to the vendee.   On breach of the contract by the vendee by a refusal to receive the property, the vendor's measure of damages, in general, is to the extent of his actual injury, which ordinarily is the difference between the contract price and the market value at the time and place of the breach.   (Tiffany, Sales [Hornbook series] pp. 231, 232, sec. 125;  2 Benjamin, Sales [4th ed.] book 5, p. 971, secs. 1117 & 1118;  2 Sutherland, Damages p. 359; 5 Wait, Actions & Defenses p. 608, art. 3, sec. 2;  21 Am. & Eng. Ency. Law 578-580, cases cited and discussion in note 2;  *Hale v. Hess*, 30 Neb. 42;  *Scott Lumber Co. v. Hafner-Lothman Mfg. Co.*, 65 N. W. Rep. 513, 91 Wis. 667; *Keeler v. Schott*, 1 Pa. Super. Ct. 458, 38 W. N. Cas. 316; *Neal v. Shewalter*, 31 N. E. Rep. [Ind.] 848;  *Todd v. Gamble*, 21 N. Y. Supp. 739;  *Ridgley v. Mooney*, 45 N. E. Rep. [Ind.] 348;  *Browning v. Simons*, 46 N. E. Rep. [Ind.] 86; *Lawrence Canning Co. v. Lee Mercantile Co.*, 48 Pac. Rep. [Kan.] 749;  *Miller v. Burch*, 41 S. W. Rep. [Ky.] 307; *Heiser v. Mears*, 27 S. E. Rep. [N. Car.] 117, 120 N. Car. 443.)

There are authorities which lend support to the doctrine that the vendor in such a contract of sale may treat the goods as belonging to the vendee regardless of his refusal to receive them, and sue for and recover the contract price as his damages;  but the weight of authority is to the contrary and favorable to the rule which we have hereinbefore stated.   In the opinion in the case of *Lincoln Shoe Mfg. Co. v. Sheldon*, reported in 44 Neb. 279, it was stated by this court: "Where a vendee refuses to perform the vendor has either of two remedies.   He may keep the property made the subject of the contract and sue the vendee for damages for a breach of his contract, and in such case his measure of damages will be the difference between the contract price of the property and its actual value at the date of the vendee's breach of

the contract; or the vendor may tender the property made the subject of the contract to the vendee, and then in a suit upon the contract the vendor's measure of damages will be the contract price of the property." But the decision of the case hinged upon the proposition that the contract in question was one of subscription for shares of stock and not of sale and purchase, and the rule of the measure of damages for a breach of a contract of sale by a vendee was not directly in question or involved in the action and its announcement was not necessary to the decision; and what was then said was not authoritative, to the extent at least that the doctrine was stated to be that the vendor may tender the property to the vendee, and in a suit upon the contract the measure of his damages, if he recovers, be the contract price. There are many cases arise wherein the particular facts and circumstances warrant a departure from the general rule, call for an exception therefrom, and in which the doctrine to which we have last referred is applicable and governing, but it is not so in a case such as the one at bar. It follows that the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.