CORA ALLEN, APPELLEE, V. ARTHUR H. RUSHFORTH,
APPELLANT.

FILED DECEMBER 21, 1906. No. 14,631.

1. **Sales.** The former opinion in this case, 72 Neb. 907, examined and adhered to.

2. **Trial:** REFUSAL TO INSTRUCT. In the trial of an action at law, it is reversible error to refuse to submit to the jury a legal defense properly pleaded and supported by competent evidence.

3. **Sales:** DAMAGES. Where the vendee, under a contract of purchase, refuses to receive the goods contracted for, the measure of the vendor's damage is the difference between the contract price of the goods and their reasonable market value at the time and place of delivery.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Reversed.*

*P. A. Wells* and *Fawcett & Abbott,* for appellant.

*Weaver & Giller, contra.*

OLDHAM, C.

This cause is here a second time for review by this court. Our former opinion, in which the issues are fully stated, is reported in 72 Neb. 907. In this opinion it was held that, under the pleadings and proof, an action for the contract price of the hay was properly brought, and that the case should have been submitted to a jury. On a retrial of the cause in the district court in conformity with this opinion, the case was submitted to a jury and a verdict was returned in favor of the plaintiff for the contract price of the hay in dispute. To reverse the judgment on this verdict defendant has appealed to this court.

We are fully satisfied with the conclusion reached in our former opinion and adhere to it, not only as the law of the case, but also as a correct solution of the questions involved, so far as plaintiff's right to recover is concerned.

At the last trial of the cause defendant introduced testimony tending to show that he refused to take all the hay cut from the tract in dispute, because plaintiff insisted that the hay should be weighed on her scales and paid for according to such weights; that after he had baled part of the hay, and hauled six loads to the village of Valley for the purpose of shipping it, he found a gross discrepancy between the weights of the hay as made on the plaintiff's scales and as made on the scales at Valley, where the hay was loaded for shipment and sale; that after discovering this variance he notified plaintiff that there was something wrong with her weights, and refused to take any more hay from the place, unless he was permitted to pay for it when weighed at Valley, or when weighed by the railroad. He testified, and offered other evidence to corroborate him to some extent, that she refused to allow any hay to be taken from her land, unless weighed on her scales and paid for according to such weights. Plaintiff admits that there was a controversy about the correctness of the weights on her scales, but says that she offered to have the scales inspected and adjusted, and finally offered to let defendant have the hay weighed on the railroad scales at Valley and paid for according to such weights. Defendant also testified that after he refused to take any more hay, because plaintiff would not allow him to weigh it at Valley before paying for it, she asked him if he would make any further claim to the hay that was left in the field, and that he told her he would not.

This conflicting testimony raised an issue both on the right to rescind and on the measure of damages, if any, which plaintiff should receive. Both of these issues should have been fully and fairly presented to the jury in the instructions. Defendant requested an instruction on the right of rescission because of the alleged fraudulent weights of the hay by plaintiff on the Allen scales, and also one on the measure of damages. Each of these instructions were refused, and it appears that the court attempted to submit defendant's entire theory of the case

in paragraph 6 of instructions given on its own motion. This instruction is quite lengthy, and contains, among other things, the following direction on defendant's right to rescind for incorrect weights on the Allen scales: "The burden of proof is upon the defendant to establish that the Allen scales were incorrect, and that the plaintiff nevertheless insisted upon the hay. being weighed thereon and payments made accordingly, and that the plaintiff declined to permit the removal of the hay except upon these conditions. If defendant has established these propositions by a preponderance of the evidence, then he had a right to refuse to take the remainder of the hay and would not be liable therefor in this action." It seems to us that this direction with reference to the right of rescission is too restricted in its phraseology, and might possibly have led the jury to believe that the only question involved in the right of rescission was the mechanical accuracy or inaccuracy of the scales on which the hay was weighed While the scales in themselves might have been entirely accurate and of a modern and standard pattern, yet, if they were either carelessly or intentionally manipulated so as to register false weights of the hay to defendant's damage, he would have been fully justified in refusing to take the remainder of the hay according to such weights.

Another portion of this same instruction told the jury: "If you find from the evidence that the plaintiff was willing to permit the defendant to remove the hay and have it weighed at other scales and so notified defendant, then defendant is liable for the full purchase price of the hay, less any payments made thereon, and also less such portion, if any, of said hay at the contract price that the evidence shows has been disposed of or converted by the plaintiff." This portion of the instruction seems faulty on the measure of damages, in that it overlooks the duty which plaintiff owed, when she had notice of defendant's refusal to take the remainder of the hay, to mitigate the damage as far as possible by making reasonable efforts to dispose of the hay so as to prevent an accumulation of

damage. Under the instruction, as given, unless plaintiff actually took some of the hay into her possession and used or disposed of it after notice of defendant's refusal to comply with the contract, she was permitted to recover the contract price of the hay, less the payment made. On defendant's theory of the contract, the hay was not delivered to him until weighed on the Allen scales. And under this theory, if he refused to take the hay without just cause, plaintiff's measure of damages would have been the difference between the contract price of the hay and its market price at the time and place of delivery. If there was no market value of the hay at the time and place of agreed delivery, then such sum as plaintiff might have realized for the hay by reasonable effort on her part should be deducted from the contract price of the hay in estimating her damages.

We therefore conclude that the action of the trial court in giving this instruction over defendant's objection was prejudicial to his rights, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.