# Gate City Cotton Mills *v.* Rosenau Hosiery Mills.

### *Breach of Contract.*

(Decided April 9, 1909.   49 South. 228.)

*Sales; Breach by Buyer; Measure of Damages.*—The measure of damages for the breach by the buyer of an executory contract for the sale of hosiery yarns entered into with the manufacturers of yarn, is the difference between the contract price and the market value of the yarn at the time and place of the breach, the yarn not being manufactured expressly for the buyer, and the seller not having to carry over for the season any manufactured yarns by reason of the breach.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Action by the Gate City Cotton Mills against the Rosenau Hosiery Mills for the breach of an executory

contract for the sale of hosiery yarns. Judgment for plaintiff and on motion of defendant an order was entered granting defendant a new trial. From this order plaintiffs appeal. Affirmed.

DANIEL COLLIER, and R. H. SCRIVNER, for appellant. This appeal is taken under section 2846, Code 1896. On the original trial the court did not err in its instructions as to the measure of damages.—*Bonifay v. Hassell*, 100 Ala. 269; *Peck v. Heifner*, 136 Ala. 374 1-2 24 A. & E. Ency of Law, 1116; *Gardner v. Deed*, 4 L. R. A. 740; 35 Cal. 299; Paige on Contr. sec. 1599; 13 Cyc. 159; *Hinkley v. Bessemer*, 121 U. S. Therefore, it follows that the court erred in granting a new trial.

FOSTER & OLIVER, for appellee. Under the facts in this case, the court erred in its oral charge as to the measure of damages, and therefore, properly granted a new trial.—*Penn v. Smith*, 93 Ala. 476; s. c. 98 Ala. 560; *Watson v. Kirby*, 112 Ala. 436; 13 Cyc. 73; *Southern Cotton Oil Co. v. Heflin*, 99 Fed. 339; *Johnson v. Allen*, 78 Ala. 287; *McFadden v. Henderson*, 128 Ala. 233.

DENSON, J.—Gate City Cotton Mills, plaintiff in this action, was engaged in manufacturing cotton yarns in the city of Atlanta, Ga., and defendant, Rosenau Hosiery Mills, was engaged in manufacturing hosiery in the city of Tuscaloosa, Ala. On the 31st of August, 1904, defendant purchased of the plaintiff 50,000 pounds of white hosiery yarns, to be shipped to defendant at intervals between September, 1904, and January 1, 1905, as the defendant might designate, and at a fixed price. Nearly 15,000 pounds of the goods were shipped to, accepted by, and paid for by, the defendant, when the defendant, claimed that the yarns so received by it were of an inferior quality, declined to direct the shipment

of any more, or to further carry out the contract. Hence this action by plaintiff for an alleged breach of the contrat.

Only one question is presented by the record for determination. That question is: What is the proper rule for the admeasurement of damages for the breach of the contract? In the court below the plaintiff contended the true rule to be the difference between the cost of the manufactured articles and the contract price, while the defendant's contention was that the difference between the contract price and the market value of the articles furnished such rule. The court, on the trial, adopted the plaintiff's view, and in effect so charged the jury at the written request of the plaintiff; but after verdict and judgment for the plaintiff, and on motion of the defendant for a new trial, the court reached the conclusion that it had committed error, prejudicial to the defendant, in adopting plaintiff's view of the measure of damages, and granted defendant a new trial. It is from the order granting the new trial that this appeal is taken·

The evidence, without conflict, showed that plaintiff did not manufacture any specific yarns for the defendant, but, during the whole period covered by its contract with the defendant, manufactured a sufficient quantity of yarns to supply all of its customers, "and in that way always had enough yarns to ship defendant on the contract at any time it might order them; that it did not have to hold or carry over any yarns on account of defendant's failure or refusal to carry out its contract, but sold all the yarns it made during the season to other customers." There was also evidence which tended to show a decline in the price of yarns, after the contract was entered into and before the 1st day of January, 1905.

The action, as we have seen, is for the breach of an executory contract, in that defendant refused to accept or

[Gate City Cotton Mills v. Rosenau Hosiery Mills.]

receive the goods purchased. The evidence clearly and without conflict shows that the goods had a market price at the place of sale, as well as such at the place of delivery, and that they were readily marketable; and, under the evidence cited above, we do not comprehend why the difference between the contract price and the market price would not fully compensate plaintiff for being deprived of the benefits of the contract, nor why it should not be the true rule for the admeasurement of plaintiff's damages. On the breach of a contract of executory sale by the vendee, in a refusal to receive the property, the vendor's measure of damages, generally, is the extent of his actual injury, which ordinarily is the difference between the contract price and the maret value at the time and place of the breach. This rule was in effect adopted in the case of *Penn & Co. v. Smith, Granger & Cantril,* 93 Ala. 476, 9 South. 609; and we do not see any difference of principle between that case and the case in judgment.

Consequently the court holds that the trial court committed reversible error in giving the charge requested by the plaintiff, and properly corrected the error by granting the new trial to the defendant.—*Penn & Co. v. Smith, Granger & Cantrell, supra; McFadden v. Henderson,* 128 Ala. 233, 29 South. 640; *Unexcelled, etc., Co. v. Polites,* 130 Pa. 536, 18 Atl .1058, 17 Am. St. Rep. 788; *Funke v. Allen,* 54 Neb. 407, 74 N. W. 832, 69 Am. St. Rep. 716; Benjamin on Sales (6th Ed.) pp. 743-745.

The facts of the cases cited by appellant's counsel differentiate those cases from the one at bar and show their inapplicability as authorities on this occasion. The order granting the new trial will be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD. JJ.. concur.