*Diels v. Kennedy.*

---

ADOLPH F. DIELS, APPELLANT, V. ALBERT R. KENNEDY, APPELLEE.

FILED MARCH 24, 1911.  No. 16,356.

1. **Appeal:** INTERLOCUTORY ORDER:  WAIVER OF ERROR.  Where a litigant desires a review of an interlocutory order of the district court, it is necessary that an exception be taken thereto and that such

exception be shown by the transcript of the record. · Ordinarily a failure to except is a waiver of the error, if any were committed.

2. Pleading: MOTION TO STRIKE. A portion of a paragraph of a petition, though inartistically pleaded, contained facts which were material to plaintiff's cause of action. Another portion of the same paragraph was not material. A motion to strike out the whole of the paragraph should not be sustained.

3. ———: PETITION: SUFFICIENCY. The petition, set out in substance in the opinion, held to state a cause of action, and the sustaining of a general demurrer thereto and dismissing the action was erroneous.

4. Contracts: BREACH: DAMAGES. "The general rule is that the party injured by breach of contract is entitled to recover all his damages, including gains prevented as well as losses sustained, provided they are certain and such as might naturally be expected to follow the breach." *Western Union Telegraph Co. v. Wilhelm,* 48 Neb. 910.

5. Case Distinguished. *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.,* 86 Neb. 623, distinguished.

APPEAL from the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Henry M. Kidder,* for appellant.

*J. E. Porter,* contra.

REESE, C. J.

This action was commenced in the county court of Dawes county. The suit went to judgment and determination in that court, and was duly appealed to the district court, where plaintiff filed his petition in numbered paragraphs in which he alleged: (1) That plaintiff was engaged in the business of manufacturer and wholesale dealer in flour, corn meal and feed, at Scribner; (2) that on or about the 13th day of March, 1908, the defendant entered into a written contract with plaintiff for the purchase by defendant from plaintiff of certain quantities of flour and corn meal of certain brands, specifically set out in the petition; (3) that defendant agreed to pay for

the same the sum of $581.05; (4) that plaintiff, depending upon said written contract, made up the flour and meal, having the same ready for delivery as per contract, and has at all times been ready to deliver the property in accordance and compliance with the conditions of the contract; (5) that on or about the 26th day of March, 1908, plaintiff received by mail a letter from defendant wherein defendant refused to perform the conditions of the contract and thereby repudiated and broke the same on his part; (6) that the cost to produce the flour and meal was $432, that the difference, "to wit, the sum of $149.05, is the profit accruing to the plaintiff on the said contract, completed by the parties thereto, and that because of" the breach thereof on the part of defendant the plaintiff lost the profit, "and is therefore damaged in the said sum of $149.05 in the item of certain profits lost;" (7) that the plaintiff is further damaged by the breach of the contract by defendant in the sum of $100, which consists of interest on money invested in the wheat and corn, $5, storage on the flour and meal, $30, expense and salary of salesman in procuring the contract, loss of time of plaintiff, and incidental expenses incurred because of the repudiation of the contract, $65; (8) that the total amount of plaintiff's damages is the sum of $249.05; (9) that the defendant refuses to pay the contract price of the flour and meal and refuses to pay the damages as alleged. (10) "Plaintiff alleges further that the amount claimed by him in his petition in the county court is $350, and that he amends in this petition to conform with the facts proved." There is a prayer for judgment for $249.05, with interest and costs.

After the filing of the petition, and after the expiration of the time fixed by law for answer, and no answer being filed, plaintiff filed a written motion for a default against defendant. The journal entries do not show any disposition of such motion, and therefore the contention of plaintiff that an error was therein committed cannot be noticed.

Defendant filed a general demurrer to the petition, and later asked leave to withdraw the same and file a motion to strike out certain parts of the petition. This was granted, and the action of the court is now assigned as error. There is no exception shown by the record, and, by failing to except, the error, if any, was waived. However, we can see no reversible error in this action of the court. The matter was within its discretion, and we can observe no abuse thereof.

Defendant then filed his motion to strike out the sixth, seventh and eighth paragraphs of the petition. The motion was sustained as to the sixth and seventh paragraphs, and to which plaintiff excepted and now assigns the ruling for error. As to the seventh paragraph there can be no question but that the ruling was correct. The items of damages therein set up were not recoverable. They constituted no valid claim or cause of action. As to the sixth paragraph, if plaintiff's contention as to his measure of damages is correct, the allegation that it cost him $432 to produce the flour and meal and his damages were the difference between that sum and the contract price was proper, and the ruling would be erroneous, and the paragraph should not have been stricken. The remainder of the paragraph, while in part argumentative, closes with the averment that he is damaged in the sum of $149.05. The motion is to strike out the whole. The record recites: "Whereupon the plaintiff in open court declines and refuses to make any amendments or additions to his said petition as the same remains with the paragraphs stricken as hereinbefore ordered, and the defendant now here refiles his demurrer to the said petition as it now stands." And the demurrer was sustained, to which ruling the plaintiff excepted. The demurrer was a general one that the facts stated in the petition did not constitute a cause of action. The action of the court in permitting defendant to refile the demurrer is assigned for error, but the question does not appear to have been raised in the district court.

The next contention is that the court erred in sustaining the demurrer. We have endeavored to set out briefly, but fairly, an epitome of the petition and record. That the petition is unskillfully drawn and of unnecessary length cannot be doubted. The record is poorly made up and is quite unsatisfactory, as such. Counsel should aid the clerks in writing up the records if they desire them to follow prescribed forms and save rights. Plaintiff elected to stand upon his petition without amendment, when plaintiff moved the court to dismiss the suit, which was done, and judgment for costs rendered against plaintiff. Our conclusion is that, in any view of the case, the action of the district court in sustaining the demurrer was erroneous. Even had the sixth paragraph of the petition been correctly stricken out, enough remained to constitute a cause of action for some damages, and the demurrer should have been overruled.

From the reading of the briefs it appears that the dispute is as to the correct measure of damages; the plaintiff claiming that the true measure would be the loss of profits accruing to him had defendant performed the contract, which would be the difference between what it cost plaintiff to furnish the flour and meal and the contract price, the difference being $149.05 with legal interest. This method of measuring damages is combated by defendant.

In *Kreamer v. Irwin*, 46 Neb. 827, it was alleged in the petition that a contract was entered into with Irwin by which Kreamer agreed to furnish the labor, material and tools to raise and level the floor of a store building belonging to Irwin, the price to be $100; that in pursuance of the contract he made all necessary preparation, going to great expense, and that Irwin, in violation of his contract, refused to allow him to perform the contract on his part. We held that the contractor's measure of damages was the profit he would have made on the contract had he performed it. The same was held in *Western Union Telegraph Co. v. Wilhelm*, 48 Neb. 910; *Wittenberg v. Mollyneaux*, 55 Neb. 429, 60 Neb. 583; *Hale v. Hess & Co.*, 30

Neb. 42; *Russell v. Horn, Brannen & Forsyth Mfg. Co.,* 41 Neb. 567; *Schrandt v. Young,* 2 Neb. (Unof.) 546; *Parkins v. Missouri P. R. Co.,* 76 Neb. 242; Sedgwick, Damages (8th ed.) secs. 192, 613; Williston, Sales, p. 966 (sec. 64, clause 4).

The case of *Trinidad Asphalt Mfg. Co. v. Buckstaff Bros. Mfg. Co.,* 86 Neb. 623, cited by defendant, is easily distinguished from the one now under consideration. In that case the question of the measure of damages was not involved. The purchaser of the goods had countermanded his order before shipment, as in this case, but the seller shipped the goods notwithstanding the countermand and sued for the purchase price. The holding was that the purchase price could not be collected, the purchaser having refused to accept the shipment, but that the action must be for damages. This suit is for damages, the measure of which is the difference between the necessary cost of production and the contract price, which would be the loss of profits.

The judgment of the district court is reversed and the cause is remanded, with leave to the plaintiff to amend his petition, should he elect so to do, and for further proceedings.

REVERSED.

ROOT, J., dissenting.

I do not concur in the majority opinion. The plaintiff alleges that he is a manufacturer of, and a wholesale dealer in, flour and meal, and that the contract sued on is in writing. A copy of this document is attached to and made a part of the petition, and is a simple order to the plaintiff to ship to the defendant specified quantities of certain brands of flour and meal, for which the defendant agrees to pay a definite price. The contract, if contract it be, is not signed by the plaintiff, nor is there any allegation in the petition that he accepted the order. The order is not for the manufacture of goods, but is a mere memorandum of purchase. There is no matter of inducement pleaded in the petition to take the case out of the ordinary

agreement to buy. It affirmatively appears that the order was countermanded before the day for delivery, and before any of the flour or meal was shipped, delivered or tendered. There is no allegation in the petition that the plaintiff could not sell the flour and meal on the market, that to do so would subject him to any extra expense, that his market was so limited that the defendant's countermand decreased the plaintiff's sales, or that the goods were worth less on the market than the defendant agreed to pay therefor. Under these circumstances the rule that the seller may recover profits lost because the buyer countermanded an executory contract of sale does not apply. In the event that the buyer thus countermands an order for the purchase of goods recognized as staple in the market, *prima facie* the measure of damages is the difference between the market value of, and the contract price for, the goods at the time of delivery. This rule has been recognized for many years by this court. *Dodge v. Kiene*, 28 Neb. 216; *Lincoln Shoe Mfg. Co. v. Sheldon*, 44 Neb. 279; *Funke v. Allen*, 54 Neb. 407; *Allen v. Rushforth*, 77 Neb. 840. The United States supreme court, the courts of last resort in 26 sister states, in England and in Canada so hold. The citations may be found in 35 Cyc. 592 *et seq.* See, also, 2 Mechem, Sales, sec. 1690; *Huguenot Mills v. Jempson & Co.*, 68 S. Car. 363, 102 Am. St. Rep. 673.

It is unnecessary to extend this dissent by a review of the authorities cited in the majority opinion. Not one case refers to a contract for the sale of a staple of commerce—goods that *prima facie* have a market value in every civilized community during any season of the year.

Plaintiff has pleaded no fact to take his case out of the general rule, and the judgment of the district court should be affirmed.

LETTON and ROSE, JJ., concur in dissent.