ADOLPH F. DIELS, APPELLANT, V. ALBERT R. KENNEDY, APPELLEE.

FILED JANUARY 30, 1914.    No. 17,561.

Sales: BREACH OF CONTRACT: EVIDENCE. Plaintiff's cause of action was based on the breach of a contract to purchase and accept a certain quantity of flour ordered by defendant from plaintiff. The evidence was conflicting, and, it not clearly appearing that plaintiff actually sustained any damages by reason of the breach of contract, *held* that the verdict of the jury should be sustained and a judgment of the district court should be affirmed.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Henry M. Kidder,* for appellant.

*J. E. Porter, contra.*

BARNES, J.

This is a second appeal. When this case was before us the first time the judgment of the district court sustaining a demurrer to plaintiff's petition was reversed, and it was held that the petition stated facts sufficient to constitute a cause of action. It was further held that the plaintiff was entitled to recover all his damages, including gains prevented, as well as losses sustained, provided they were

certain, and such as might naturally be expected to follow the breach. *Diels v. Kennedy,* 88 Neb. 777. When the mandate was returned to the district court, plaintiff amended his petition. The defendant filed an answer, in which it was alleged, in substance, among other things, that on or about the 13th day of March, 1908, one George Harms, representing himself to be a salesman for plaintiff, called upon defendant in his place of business at Crawford, Nebraska, and represented to defendant that two certain brands of flour were handled and sold by plaintiff, Monitor flour and Gilt Edge flour. This flour was in all respects equal in grade and quality to Brown Seal flour, and that it was 5 cents per hundred pounds lower than Brown Seal flour; that it was ground from the very best grades of wheat, not inferior to No. 1, or Northern, and procured the defendant to sign an order for certain Monitor and Gilt Edge flour and for corn-meal; that defendant executed and gave the order relying solely upon the representations of said Harms, and the order was subject to the approval of the plaintiff and subject to countermand by defendant; that a few days after defendant executed the order, and before the same was approved by the plaintiff, the defendant discovered that said representations of the said Harms were false and fraudulent; that said flour so ordered was not in grade equal to Brown Seal flour; that it was made up and ground from an inferior grade of wheat, and not from a grade equal to No. 1 hard or Northern; that it was not 5 cents per hundred pounds lower than Brown Seal flour, and thereupon defendant forthwith countermanded said order by notice thereof to plaintiff; that said order was executed wholly without consideration; that defendant countermanded the order before it was approved or accepted by plaintiff; that plaintiff did not tender any of said goods to defendant, and the defendant did not receive any of said goods. To this answer there was a reply, and upon the issues thus presented the cause was tried to a jury. A verdict was returned for the defendant, judgment was rendered upon the verdict, and the plaintiff has again appealed.

Appellant contends that the verdict and judgment are not sustained by the evidence; that the evidence offered by defendant was incompetent and immaterial. As we view the record, some of the evidence of both parties was incompetent, but so much of it as was competent was fairly conflicting.

Plaintiff's testimony, and that of his miller, who was his principal witness, tended to show that the difference between what it would cost to manufacture the flour ordered by the defendant and deliver it to him at Crawford, Nebraska, and the amount defendant agreed to pay for the same was $141. The evidence introduced by plaintiff, however, was not very clear or satisfactory. It failed to take into account the coal required to be used in generating the power to run plaintiff's mill, the cost of sacking the flour, the expense of advertising, the wages paid plaintiff's salesman, Harms, and other legitimate items of expense. On the other hand, the defendant produced the testimony of an experienced and competent miller, who was engaged in manufacturing flour at Schuyler, Nebraska, a short distance from Scribner, where the plaintiff's mill is situated. This witness gave evidence as to the cost of manufacturing and delivering the flour in question at Crawford, Nebraska, and by his testimony, and that of other witnesses, it was shown that there was no material difference between such cost and the sum defendant agreed to pay for the flour. Again, defendant testified that, when his order for the flour was taken, Harms, plaintiff's salesman who took it, told him that, in order to introduce plaintiff's flour, he would bill the order to him at cost. It appears, without contradiction, that, before plaintiff accepted the order, defendant by letter countermanded it. It further appears that plaintiff was engaged in the manufacture and sale of flour for the market generally; that he set apart no flour for the purpose of filling defendant's order. He testified that he had sold the flour, but failed to state the price which he received for it.

We think the evidence fails to show that plaintiff sustained any damage by reason of the cancelation of de-

fendant's order, and the jury was warranted in returning a verdict for the defendant. The case appears to have been fairly submitted to the jury under proper instructions, and the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.