ALLAIRE, WOODWARD & COMPANY, APPELLANT, v. PERFECTION REMEDY COMPANY ET AL., APPELLEES.

FILED DECEMBER 29, 1916. No. 18887.

Judgment: CONCLUSIVENESS. A cause of action, once fully determined between the parties on the merits, cannot afterwards, so long as such judgment remains in force, be litigated by new proceedings, either before the same or another tribunal.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*W. A. Meserve,* for appellant.

*W. D. Funk, contra.*

HAMER, J.

Appeal from Knox county. The plaintiff and appellant brought suit against the Perfection Remedy Company, a partnership, and the members of the partnership, alleging the execution and delivery by the defendant company of an order for certain goods, wares and merchandise; that the goods described in the written order were manufactured expressly for the defendant, upon the receipt of the order; that the goods were made ready for shipment to the defendant within a reasonable time from the receipt of the order; that the defendant was notified by plaintiff that said order had been filled, and that the plaintiff was ready to ship the same, but that the defendant refused to accept and receive said goods. Judgment was prayed for $342.50, with interest thereon at 7 per cent. per annum from September 15, 1909.

The defendant in its answer pleaded a prior adjudication, alleging that all of the same matters and things in controversy in this action were actually and fully determined in a former suit had in the county court of Knox county, in the state of Nebraska, on the 20th day of September, 1911, wherein the same party was plaintiff, and the same parties were defendants, which judgment has never been appealed from, and remains in full force and effect. A certified copy of the proceedings in the trial of the case in the county court was made a part of the answer. The plaintiff demurred to the answer. This demurrer was overruled. It elected to stand upon its demurrer, and has appealed from the judgment rendered against it.

The plaintiff contends that the adjudication in the county court is not a bar to its claim, for the reason that the purpose of the petition in the county court was to recover for a sale of the goods, while the purpose of this action is to recover for a breach of the contract

in refusing to accept the goods. It is the theory of the
plaintiff that there might be one suit to recover for a
sale of the goods, and then another suit to recover for a
breach of the contract in refusing to accept the goods,
and that one suit would not be a bar to the other, al-
though judgment might be rendered in the first suit. It
is not necessary to consider what the law is with respect
to this contention—that is, whether an adjudication in
favor of the defendant in an action for the purchase
price of the goods would constitute a bar to an action
for damages in refusing to accept them—for the
reason that the pleadings in the action brought
in the county court show that that action, as well as the
instant case, was brought upon the refusal of the defend-
ant to accept the goods. It was alleged in the petition
while in the county court: "4. That the plaintiff has
duly performed all the conditions of said contract on his
part to be performed and has tendered said goods to the
defendants and demanded payment for the same, which
was refused." This is in substance the allegation made
in the petition in the instant case. The action brought
here is quite plainly the same action which went to judg-
ment in the county court. Whenever this condition ap-
pears, there must be an end to the litigation. As said
by Mr. Herman in his work on Law of Estoppel and
Res Judicata, sec. 108: "The finality and inviolability of
judgments of a court of competent jurisdiction, not
assailed on error or appeal, rests on an inflexible and
conservative principle of law. The judgment between the
same parties or their privies is conclusive of the matter
directly in question. It is beyond question; it is final
and absolute, however erroneous, or whatever of in-
justice it may work; it is a conclusive determination of
the particular controversy. And in this there is no dif-
ference between a verdict and judgment in a court of
common law and a decree of a court of equity. Both
stand on the same footing. The rule has found its way
into every system of jurisprudence, not only from its

obvious fitness and propriety, but because, without it, an end could never be put to litigation."

In *Bement v. Smith,* 15 Wend. (N. Y.) 493, the plaintiff built a sulky for the defendant, according to an agreement, tendered it to him, and, on his refusal to accept it, deposited it with a third person on his account, giving the defendant notice of the deposit, and brought an action of assumpsit. It was held that the plaintiff was entitled to recover the contract price. We think that in all cases where it is held that the contract price may be recovered, it will be found that the article sold was completed and ready for delivery and a tender made. "The true rule is that where everything has been done by the vendor which he is required by his contract to do, and the manufactured property in its completed condition is tendered to the purchaser, and he refuses to receive it, and it is held by the vendor for the purchaser, then the vendor may recover the contract price." *Moline Scale Co. v. Beed,* 52 Ia. 307.

Plaintiff could elect to sell the goods manufactured or specially prepared for defendant's use on defendant's formula, under the order, and, after tender made, sue for the contract price. *Funke v. Allen,* 54 Neb. 407.

The case once determined on the merits cannot, while the judgment remains in force, be litigated by new proceedings either before the same or any other tribunal. *Trainor v. Maverick Loan & Trust Co.,* 92 Neb. 821.

"A judgment on the merits constitutes an absolute bar to a subsequent action founded upon the same claim." *Triska v. Miller,* 86 Neb. 503.

"The doctrine of *res judicata* is that a question once determined by a judgment on the merits is forever settled, so far as the litigants and those in privity with them are concerned." *Herpolsheimer v. Acme Harvester Co.,* 83 Neb 53.

"A cause of action, once fully determined between the parties on the merits, cannot afterwards, so long as such judgment remains in force, be litigated by new proceed-

ings, either before the same or any other tribunal." *Yates v. Jones Nat. Bank,* 74 Neb. 734.

The judgment of the district court is right, and it is
AFFIRMED.

SEDGWICK, J., concurs in the conclusion.