(88 South. 657)

## PATTERSON & EDEY LUMBER CO. v. DANIELS. (1 Div. 185.)

(Supreme Court of Alabama. April 21, 1921.)

1. Pleading ⊜180(2), 196—Replication alleging modification of contract declared on is departure.

In an action for a breach of a written contract set out in the declaration, a replication relying on a subsequent oral modification of the contract is a departure from the declaration, and subject to demurrer on that ground.

2. Sales ⊜384(2)—Measure of damages for buyer's refusal to receive stated.

The measure of damages for a buyer's breach of an executory contract of sale by refusing to accept the goods or to perform some duty preliminary to their delivery and accept-· ance is not the contract price of the goods, but is the difference between the contract price, less the cost of delivery if unincurred, and the market price at the time and place of default, or at the nearest available market.

3. Damages ⊜12—Without evidence furnishing data for computing damages only nominal damages can be recovered.

In the absence of evidence furnishing the data for computing damages under the rule applicable thereto, judgment cannot be properly rendered for more than nominal damages.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by William Daniels against the Patterson & Edey Lumber Company for breach of contract and in assumpsit. ·Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Count 2 of the complaint is upon a contract evidenced by defendant's written order to plaintiff as follows:

"Please cut the following * * * piling and ship as directed below, noting carefully all instructions, terms and conditions. * * * Order to be shipped complete, thirty days or sooner (extended to May, 1919). Consigned to Chickasaw Shipbuilding Company, Mohoco,

Alabama (here follows specification and description of piling and price), f. o. b. barge Mohoco. [Signed] Patterson & Edey Lumber Company, Inc."

After setting out his contract the count proceeds:

"And plaintiff says that said contract was extended from time to time, and deliveries made thereunder, which were accepted and paid for, but that on, to wit, October 1, 1918, plaintiff was instructed to cut no more piling, but to make immediate delivery of all piling then cut, if inspected, and if not inspected to advise defendant when and where they might be inspected, and plaintiff now avers that he did, in accordance with said instructions, place on the bank of Chippewa lake, in Mobile county, Ala., 86 piling of the size and kind specified in said contract, which were then cut, and did notify the defendant where to inspect them, which it did fail and refuse to do, and defendant now declines to accept said piling or to pay plaintiff therefor, all to the injury and damage of plaintiff as aforesaid, wherefore he sues."

Demurrer to the count was overruled and the defendant pleaded specially as follows:

That its instruction to plaintiff to advise defendant where the piling might be inspected imposed no duty on the plaintiff to inspect the said piling at Chippewa lake, in Mobile county, Ala., and the defendant never delivered said piling f. o. b. barge Mohoco, as provided for in the written contract, set forth in the count.

To this plea plaintiff replied specially as follows:

"Plaintiff says and avers that the original contract between the plaintiff and defendant was amended by the parties, and under and in accordance with said amendment no piling were to be delivered by the plaintiff f. o. b. barge Mohoco, Ala., until after said piling had first been inspected by the defendant, and the defendant did agree to inspect said piling when notified by the plaintiff where and when to do so, but that the defendant did fail and refuse to make any inspection of the piling sued for after the plaintiff notified defendant that they were ready for inspection, and where they were located."

Defendant demurred to this replication on the grounds, among others, that it was a departure from the cause of action assigned in the complaint, and that it shows no consideration for the amendment of the contract.

The demurrers to the replication were overruled, and the case proceeded to trial on the complaint, the general issue, special pleas, and replication. The price specified in the written contract was 7 cents per lineal foot, and no evidence was offered as to the market price or value of the piling at the time and place of its alleged rejection by the defendant. The court, sitting without a jury, rendered judgment for the plaintiff, based upon the contract price of delivered piling.

Armbrecht, Johnston & Mitchell, of Mobile, for appellant.

The replication constituted a departure, and the court erred in overruling the demurrers. There was no proof of the market price of the piling, and plaintiff was entitled to recover only nominal damages. 170 Ala. 426, 54 South. 277; 159 Ala. 414, 49 South. 404; 198 Ala. 609, 73 South. 938; 198 Ala. 469, 73 South. 648. Counsel discuss other assignments of error, but without further citation of authority.

Jere Austill, of Mobile, for appellee. No brief came to the Reporter.

SOMERVILLE, J. [1] Plaintiff's replication sets up an alteration in the terms of the contract of sale which is a departure from the complaint, rendering it demurrable on that ground. If the original contract was altered by a contractual agreement between the parties which affected their obligations thereunder, that alteration should have been averred in the complaint, or should have been supplied by amendment. It could not be supplied by replication. Gates v. O'Gara, 145 Ala. 665, 39 South. 729; Ala. Grocery Co. v. Bank, 158 Ala. 143, 48 South. 340, 132 Am. St. Rep. 18.

[2] The contract, as here sued on, was executory. Where the purchaser of goods under such a contract wrongfully refuses to accept them, or to perform some duty preliminary to their delivery and acceptance, the measure of the seller's damages is not the contract price, but the difference between the contract price—less the cost of delivery, if unincurred—and the market price or selling value at the time and place of the default, or at the nearest available market. Wheeler v. Cleveland, 170 Ala. 426, 54 South. 277; Hopkinsville Milling Co. v. Gwin, 179 Ala. 472, 60 South. 270; Gate City, etc., Mills v. Rosenau, etc., Mills, 159 Ala. 414, 49 South. 228; Curjel v. Hallett Mfg. Co., 198 Ala. 609, 73 South. 938.

[3] In the absence of evidence furnishing the data for such a computation, the trial court could not properly render judgment for more than nominal damages. Wheeler v. Cleveland, supra; Curjel v. Hallett Mfg. Co., supra. The judgment for substantial damages was therefore erroneous. Other questions need not be considered.

For the errors noted the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.