(101 South. 623)

### KERLIN–PATTERSON LUMBER CO. v. EUFAULA HARDWARE CO.
(4 Div. 157.)

(Supreme Court of Alabama.   Oct. 16, 1924.)

**1. Sales ⬅181(1)—To justify buyer's rescission, burden held on buyer to show seller intended to repudiate contract.**

Where purchase price of goods was to be paid on delivery, but seller suggested buyer remit before delivery, held that, in order to justify buyer's rescission, burden was on buyer to show seller intended to repudiate contract.

**2. Sales ⬅384(2)—Seller's measure of damages for buyer's refusal to accept goods under executory contract stated.**

Where buyer under executory contract wrongly refuses to accept goods, seller's measure of damages is not contract price, but difference between that price less cost of delivery, if unincurred, and market price or selling value at time and place of default, or at nearest available market.

**3. Sales ⬅381—Allowance to seller of price of goods as damages for buyer's nonacceptance held error, in absence of proof of damages by seller.**

Where seller offered no evidence as to damages suffered by him from buyer's refusal to accept goods under executory contract, except the amount of purchase price, judgment for seller for purchase price held error; burden being on seller, and not on buyer, to prove damages.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action for damages for breach of contract by the Eufaula Hardware Company against the Kerlin-Patterson Lumber Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

McDowell & McDowell, of Eufaula, for appellant.

Any act by the seller which amounts to a repudiation of the contract authorizes the buyer to rescind.   24 A. & E. Ency. Law (2d Ed.) 1109; 35 Cyc. 129. The measure of damages is not the contract price, but the difference between the contract price and the selling value at the time and place of default.   Crandall-Pettee Co. v. Jebeles & Colias Conf. Co., 195 Ala. 152, 69 So. 964; Patterson & Edey Lbr. Co. v. Daniels, 205 Ala. 520, 88 So. 657.

G. L. Comer & Son, of Eufaula, for appellee.

Plaintiff was entitled to recover the contract price in full.   Sedgwick on Damages (6th Ed.) 337; Dustan v. McAndrew, 44 N. Y. 72; Bement v. Smith, 15 Wend. (N. Y.) 493.

GARDNER, J.   Suit by appellee against appellant for breach of a contract of purchase of certain piping, the agreed purchase price of which was $482, which defendant was alleged to have refused to accept and pay for. The cause was tried before the court without a jury, resulting in a judgment in favor of the plaintiff in the sum of $482, from which the defendant has prosecuted this appeal.

[1] The argument for a reversal of the judgment is rested upon two grounds; the first being that plaintiff breached the con-

tract by requiring payment in cash for the piping prior to its delivery, while the agreement between the parties was to the effect that the purchase price should be paid only upon delivery of the piping. It is without dispute that it was the agreement of the parties the purchase price was to be paid upon delivery, and that the piping had to be ordered by wire by the plaintiff. Defendant offered evidence tending to show that prior to the arrival of the piping plaintiff demanded payment of the full amount of the purchase price; and, on the other hand, the testimony for the plaintiff tended to show that what was said in this regard was merely by way of suggestion, on account of the frequent absence of Mr. Kerlin, of the defendant firm, that there might be no delay. In order to justify the defendant as purchaser to rescind the contract on this account, it is necessary to show that plaintiff in fact intended to repudiate the contract. 35 Cyc. 135. While the evidence was in conflict, yet there was ample testimony before the court justifying the finding that plaintiff had in fact no intention to repudiate the contract, but that what was said was by way of suggestion. In view of the evidence disclosed by this record upon this question, we are not of the opinion the conclusion of the trial court should be here disturbed.

[2. 3] The second ground for reversal has to deal with the measure of damages. There was no proof as to damages, except that the purchase price of the piping was $482, and the court rendered judgment for the full amount. This, we think, was error. The contract of purchase was clearly an executory one. Wheeler v. Cleveland, 170 Ala. 426, 54 So. 277. The rule recognized in this state in cases of this character was stated in the recent case of Patterson, etc., Lbr. Co. v. Daniels, 205 Ala. 520. 88 So. 657:

"The contract, as here sued on, was executory. Where the purchaser of goods under such a contract wrongfully refuses to accept them, or to perform some duty preliminary to their delivery and acceptance, the measure of the seller's damages is not the contract price, but the difference between the contract price less the cost of delivery, if unincurred, and the market price or selling value at the time and place of the default, or at the nearest available market."

See, also, Crandall, etc., v. Jebbles, etc., 195 Ala. 152, 69 So. 964.

But it is insisted there was nothing in the pleading presenting the question of damages by the defendant, and no proof offered by them as to the deduction in the amount of damages claimed. The burden of proof, however, was upon the plaintiff, rather than upon the defendant, in this regard. We think this contention seems also to be answered in Patterson-Edey Lbr. Co. v. Daniels, supra, wherein the court said:

"In the absence of evidence furnishing the data for such a computation, the trial court could not properly render judgment for more than nominal damages. * * * The judgment for substantial damages was therefore erroneous."

As previously stated, there was no evidence as to the damages offered by the plaintiff; the proof upon this question being that the purchase price of the piping was $482.

We are of the opinion, therefore, the trial court committed error in the judgment rendered. Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.