(108 So. 508)

## KERLIN–PATTERSON LUMBER CO. v. EUFAULA HARDWARE CO.   (4 Div. 265.)

(Supreme Court of Alabama.   April 15, 1926.
Rehearing Denied May 20, 1926.)

**1. Evidence ⬤═▷486.**

Under express provision of Code 1923, §
7656, testimony as to market value is opinion
evidence.

**2. Evidence ⬤═▷489 — Admission of testimony
that goods which buyer had ordered and re-
fused to accept could not have been sold in
open market at price agreed upon at place
of delivery, but that market value at time
and place of breach was one-half of cost price,
held not erroneous.**

In action for damages from refusal of buyer
to accept goods ordered, admission of testimony
that he could not have gone into open market
and sold goods to anybody at contract price at
place of breach, and that market value at time
and place of breach was one-half of cost price,
*held* not erroneous.

**3. Appeal and error ⬤═▷1011(1).**

Judgment of court without jury, based on
conflicting evidence, has force and effect of
verdict of jury, and will not be disturbed on
appeal unless manifestly against evidence.

**4. Sales ⬤═▷383.**

Judgment of trial court without jury, award-
ing damages for refusal of buyer to accept goods
ordered, *held* sustained under conflicting evi-
dence.

**5. Appeal and error ⬤═▷1078(1).**

Errors assigned which are not argued in
brief of appellant will be considered waived.

Appeal from Circuit Court, Barbour Coun-
ty;  J. S. Williams, Judge.

Action by the Eufaula Hardware Company
against the Kerlin-Patterson Lumber Com-
pany.  From a judgment for plaintiff, defend-
ant appeals.  Transferred from Court of Ap-
peals under Code 1923, § 7326.  Affirmed.

See, also, 211 Ala. 687, 101 So. 623.

McDowell & McDowell, of Eufaula, for ap-
pellant.

Plaintiff was not entitled to recover more
than nominal damages, and the judgment
of the court was error.  Patterson v. Daniels,
205 Ala. 520, 88 So. 657; Kerlin-Patterson L.
Co. v. Eufaula Hdw. Co., 211 Ala. 687, 101
So. 623; 24 R. C. L. 117; Bagby v. Harris,
9 Ala. 177;  Taylor v. Howard, 110 Ala. 468,
18 So. 311;  Buist v. Guice, 96 Ala. 255, 11
So. 280;  24 Am. & Eng. Ency. Law (2d Ed.)
1114–1116; 35 Cyc. 591.  Evidence that plain-
tiff could not have gone into the local market
and sold the pipe at the price agreed to be
paid by defendant was improperly admitted.
Bank v. Chaffin, 118 Ala. 246, 24 So. 80;
Lallande v. Brown, 121 Ala. 513, 25 So. 997;
5 Mayfield's Dig. 397.

G. L. Comer & Son, of Eufaula, for ap-
pellee.

The judgment here has the force and ef-
fect of a jury verdict.  Wallace v. American,
etc., Corp., 20 Ala. App. 642, 104 So. 776.

MILLER, J.  This is a suit by Eufaula
Hardware Company against the Kerlin-Pat-
terson Lumber Company on the common
counts, and for damages for a breach of a
contract entered into by them of purchase
and sale of 2,200 feet of one-inch black pipe
at an agreed price of 11 cents per foot, and
1,500 feet of 1¼-inch black pipe at an agreed
price of 16 cents per foot, which plaintiff
ordered for defendant by wire, and which de-
fendant without just cause refused to accept
and pay for when it arrived at Eufaula.  It
avers the agreed price was $482.

The cause was tried by the court without
a jury.  It rendered a judgment in favor of
the plaintiff for $296.92, and this appeal is
prosecuted by the defendant from that judg-
ment.  This is the second appeal to this
court in this case.  Kerlin-Patterson Lumber
Co. v. Eufaula Hdw. Co., 211 Ala. 687, 101
So. 623.

The defendant contracted to purchase, and
the plaintiff to sell it, 2,200 feet of black
pipe, one-inch, at 11 cents per foot, and 1,500
feet of 1¼-inch black pipe at 16 cents per
foot.  The plaintiff had to order it, which it
did by wire, and defendant was to pay for
it when it reached Eufaula.  The piping
came to Eufaula as ordered under the con-
tract, and the defendant declined to accept
on August 10, 1923, and pay for it, and it re-
mained in possession of the plaintiff at
Eufaula.

The appellant in brief states on this trial:

"The only question arising and to be deter-
mined, viz. proof by the plaintiff of the differ-
ence between the market price or selling value
of the pipe in question at the time and place
of the default, or at the nearest available mar-
ket, and the agreed contract price, so as to de-
termine the amount of damages the plaintiff
might be entitled to, if any."

The rule for ascertaining the damages, if
any, in actions of this kind, was declared in
Patterson v. Daniels, 205 Ala. 520, 88 So.
657, and it was quoted with approval in this
case on former appeal (211 Ala. 687, 101 So.
623), and need not be repeated here.

[1, 2] Bullock, of plaintiff's corporation,
testifying for the plaintiff, stated:

"When he [defendant] refused to take it at
the price, judging from the way I kept it, it is
not worth anything; I have been unable to sell
it."

There was evidence tending to show there
was no demand at that time at Eufaula for
that quantity of black piping.  The plaintiff
testified, over objection of the defendant:

"That he could not have gone into the open market here and sold that pipe to anybody at the price he agreed to sell it to him [defendant]."

The court did not err in this ruling, and the defendant cannot justly complain at this answer. This witness afterwards testified the market value of this piping at Eufaula was at the time of the breach of the contract one-half of the cost price. The defendant was not injured by this ruling. It must be remembered that testimony as to market value is in its very nature opinion evidence. Our statute expressly so states. Section 7656, Code of 1923, and authorities there cited.

[3, 4] This case was tried by the court without a jury. The witnesses were examined orally in the presence of the court. The judgment of the court on such testimony has the force and effect of the verdict of a jury, and should not be disturbed on appeal unless manifestly against the evidence. The evidence as to the damages sustained by plaintiff by breach of the contract by the defendant is in striking conflict; and there is sufficient evidence to support the judgment. The conclusion of the trial court is not plainly contrary to the great weight of the evidence, but it is supported by much evidence, and its judgment will be affirmed. Bell v. Blackshear, 206 Ala. 673, 91 So. 576, headnote 3; D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805, headnote 5.

Practically the only question presented by the record and argued in briefs by the parties is this disputed question and issue of fact as to the damages, if any, sustained by the plaintiff, and the conclusion reached thereon must result in an affirmance of the case.

[5] There are many errors assigned. When they are not argued in brief of appellant they will be considered waived, and we have passed on only those insisted on and urged in brief and argument. L. & N. R. R. Co. v. Jones, 211 Ala. 158, 99 So. 919, headnote 3; Moore v. First Nat. Bank, 211 Ala. 367, 100 So. 349, 34 A. L. R. 526, headnote 5.

The judgment is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.