# Bonner *v.* Lockhart.

*Ejectment.*

(Decided June 4, 1912.    59 South. 51.)

1. *Public Lands; Patents; Conclusiveness.*—Under 30 U. S. Stat. 837, where land selected by the Governor was certified and a patent issued, further inquiry into the legal title of such land was concluded under the rule that when the law confides to a special tribunal the authority to hear and determine certain matters, the decision of that tribunal is conclusive; hence, the title of a party claiming under such patent could not be attacked by proof that such land was not unoccupied and uninhabited when the selection by the Governor was made.

2. *Adverse Possession; Public Property.*—Where a suit was instituted for land within ten years from the date title passed from the United States Government no question of adverse possession could arise.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. Curtis.

Ejectment by J. H. Lockhart against Robert Bonner. Judgment for plaintiff and defendant appeals. Affirmed.

RAY & COONER, for appellant. Under the 30th Stat. U. S. 837, sec. 2, the defendant should have been permitted to prove that when the state's selection was filed

and patent issued, that these lands were not unoccupied and uninhabited.

DAVIS & FITE, for appellee. It was beyond the power of the court to inquire into or set aside the patent to the state.—164 U. S. 559; 200 U. S. 321; 200 U. S. 602; 209 U. S. 447.

McCLELLAN, J.—Statutory ejectment, by appellee against appellant. The plaintiff claims title under a deed from the state of Alabama.

On February 18, 1899, the following act was approved:

"An act to grant lands to the state of Alabama for the use of the Industrial School for Girls of Alabama and of the Tuskegee Normal and Industrial Institute.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the Governor of the state of Alabama be, and he is hereby, authority to select, out of the unoccupied and uninhabited lands of the United States within the said state, twenty-five thousand acres of land, and shall certify the same to the Secretary of the Interior, who shall forthwith, upon receipt of said certificate, issue to the state of Alabama patents for said lands: Provided, that the proceeds of said lands when sold or leased shall forever remain a fund for the use of the Industrial School for Girls of Alabama, located at Montevallo, Alabama.

"Sec. 2. That the Governor of the state of Alabama be, and he is hereby, authorized to select, out of the unoccupied and uninhabited lands of the United States within the said state, twenty-five thousand acres of land, and shall certify the same to the Secretary of the

Interior, who shall forthwith, upon receipt of said certificate, issue to the state of Alabama patents for said lands: Provided, that the proceeds of said lands when sold or leased shall forever remain a fund for the use of the Tuskegee Normal and Industrial Institute." 30 U. S. Stat. p. 837.

The plaintiff introduced in evidence a patent from the United States, conveying the lands in suit, with others, to the state of Alabama, for the purpose prescribed in the second section of the act. Therein it is recited that a partial selection, by the Governor of Alabama, had been made in accordance with the prescription of the act of Congress, and that the Governor of Alabama had certified his selection of certain lands, including those in suit, as shown by list numbered one, to the Secretary of the Interior, as provided in the act of Congress.

On the trial, the defendant sought to show that the lands in suit were not, when the act of Congress was approved, nor when the selection by the Governor was made or certified, unoccupied and uninhabited lands within the terms of the act of Congress; that for 30 years the lands in suit had been in the open, notorious, continuous, possession and occupancy of defendant and of his predecessors in possession. The court excluded the proffered testimony of possession and occupancy. The appeal depend for result upon the asserted error of the trial court in the particular stated.

Under the terms of the act of Congress, the power of selection was vested in the Governor of Alabama, and when that selection was perfected and certified and a patent issued to the state, further inquiry into the matter of the legal title to lands so selected, certified, and patented to the state was wholly concluded.— *French v. Fyan,* 93 U. S. 169, 171, 172, 23 L. Ed. 812;

*McCormick v. Hayes,* 159 U. S. 332, 341, et seq., 16 Sup. Ct. 37, 40 L. Ed. 171; *Rogers Locomotive Works v. Emigrant Co.,* 164 U. S. 559, 571-574, 17 Sup. Ct. 188, 41 L. Ed. 552.

This ruling consists with the general doctrine, approved in analogous cases by the Supreme Court, that "when the law has confided to a special tribunal the authority to hear and determine certain matters arising in the course of its duties, the decision of that tribunal, within the scope of its authority, is conclusive upon all others." To admit the proffered testimony, for its obvious purpose to show that the condition to the selection did not in fact exist, would be to permit the validity of the patent to be subjected to the test of the verdict of a jury on parol evidence of a fact which the authorized selection necessarily determined, and thereby render the patent a most unstable reliance as evidence of title to lands which it purports to convey.— *French v. Fyan, supra.*

No question of adverse possession could possibly arise, since the suit was instituted within 10 years from the date title passed from the United States. The affirmative charge was correctly given for the plaintiff.

The judgment is affirmed. All the Justices concur.