138 So. 541

## BONNER v. LOCKHART.

### 6 Div. 46.

Supreme Court of Alabama.

Dec. 17, 1931.

R. A. Cooner and M. B. McCollum, both of Jasper, for appellant.

Davis & Curtis, of Jasper, for appellee.

ANDERSON, C. J.

This is an action of ejection for same land and between same parties as reported in 177 Ala. 103, 59 So. 51. It was there held that the attack made on the patent was without merit and that Bonner, the present appellant, could have no title by adverse possession.

It is insisted upon this appeal that the deed from the state to Lockhart was not valid because the appellant was in the adverse possession when the same was made, a point which seems not to have been decided in the former case. This is a question, however, we deem unnecessary to decide in order to affirm the judgment of the circuit court. The deed was admissible as color of title as against an unconfined objection, whether valid or not, so as to enable the appellee to come within the influence of section 6069 of the Code of 1923 as to adverse possession. Moreover, the appellee was put in possession under legal process.

The defendant, the appellant here, admitted that, as a result of the former judgment, the appellee was placed in possession of the land in 1913, and that he (the appellant) remained out of possession until 1928, fifteen years, making no effort in the meantime to regain the land or to assess the same for taxation. It is true he did not state that all the persons occupying the land between 1913 and 1928 were tenants or hands of appellee, but it does appear that Lockhart and his agent or tenant were placed in possession in 1913, and, in the absence of any proof that this possession was changed or broken, it will be presumed to have been continuous and that the parties cultivating and occupying the land were doing so under the appellee. So it matters not whether the deed from the state was made when the appellant was in the adverse possession of the land, as the appellee acquired a lawful possession of the land which was adverse and continuous, and he was not molested therein for fifteen years when broken by the entry of the appellant in 1928.

The trial court did not err in giving the general charge for the plaintiff, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.