112 So.2d 324

Neal HAMMOND et al.,

v.

Delia G. STEPHENS.

7 Div. 411.

Supreme Court of Alabama.

May 21, 1959.

Hawkins & Rhea, Gadsden, for appellee.

Roy D. McCord and L. D. Martin, Gadsden, for appellants.

STAKELY, Justice.

The appellee, Delia G. Stephens, brought suit against the appellants, Neal Hammond, Warren C. Meeks, and Roy C. Rochester, for damages accruing to the appellee as a result of trespass by the appellants on a tract of land, owned by and in the possession of appellee, and for cutting the timber thereon.

The case was tried on count one and count two, both of which are in trespass, each count asking damages in the amount of one thousand dollars.

There was a verdict and judgment for the plaintiff in the amount of one thousand dollars. This appeal is from that judgment.

I. Both counts one and two contain the following language:

"Plaintiff claims of the defendants separately and severally One Thousand ($1000.00) as damages for a trespass by the defendants on the following tract of land viz: * * *."

It is insisted by the appellants that the court erred in overruling appellants' demurrer to counts one and two of the complaint because each of these counts which claimed damages for a trespass contained the words "separately and severally". There is no merit in this contention. When a tort is committed by two or more persons the claim against them is joint and several. Brooks v. City of Birmingham, 239 Ala. 172, 194 So. 525; Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385.

II. It is further insisted that the trial court committed reversible error by sustaining an objection to the following question propounded by the attorney for the appellants to the witness, Neal Hammond, who was one of the defendants below, viz.:

"Q. What, in your opinion, was the reasonable market value of the ninety-one trees?"

The objection was made on the ground that the market value of the trees was not the proper measure of damages.

Our cases hold that the measure of damages for trespass to land and the cutting of timber thereon is the difference between the value of the land immediately before and after the trespass and is not the value of the timber. Riggin v. Hogg, 203 Ala. 243, 82 So. 341; Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341; Ford v. Sellers, 257 Ala. 404, 59 So. 2d 799.

While the appellants concede that the measure of damages in a suit for trespass to land and for cutting the timber thereon is as stated above, still it is insisted that under such authorities as Alabama Great Southern Railway Co. v. Russell, 254 Ala. 701, 48 So.2d 249, and Lee v. Gidley, 252 Ala. 156, 40 So.2d 80, the court was in error in refusing to allow testimony as to the value of the timber. Neither of those cases claim damages for trespass to land. Lee v. Gidley was tried on the theory that the measure of damages was that governing actions of trover while Alabama Great Southern Railway Co. v. Russell was a suit for damages to land by negligently setting out fire thereon.

In Alabama the distinguishing characteristics of common law actions are maintained and the principles governing the causes of action and the rules for measuring damages appropriate to the particular form of action pursued, are applied. Warrior Coal & Coke Co. v. Mabel Mining Co., 112 Ala. 624, 20 So. 918. Concededly count one in the instant case is in trespass quare clausum fregit. Form 28, Section 223, Title 7, Code 1940. Count two is in form substantially similar to count one except that in addition to damages for cutting timber, the damages claimed are "for removing the pine and oak timber there." In Riggin v. Hogg, supra [203 Ala. 243, 82 So. 342], it was pointed out that in a count for damages for trespass quare clausum fregit, the damages recoverable are for injury to the lands and not for the value of the timber. It was further pointed out that "the mere fact that it is alleged in the complaint that timber was cut, injured, and removed from the land does not constitute a claim for damages as for the value of the timber", that being "a mere description of the nature and character of the trespass to the land."

The instant case was tried in the lower court on the theory that the case was for trespass to land only. In fact the court stated in its oral charge that counts 1 and 2 were substantially the same, and in its oral charge expressly referred to the measure of damages in a suit for trespass on land and cutting trees or timber. As

the case was tried evidence as to the value of the timber was irrelevant and immaterial, and damages are to be measured only as stated above. Davis v. Miller-Brent Lumber Co., 151 Ala. 580, 44 So. 639.

We conclude that there was therefore no error on the part of the court in refusing to allow proof as to the value of the timber and in confining the proof to the difference between the value of the land immediately before and after the trespass.

The result is that the judgment of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.