117 So.2d 389

### J. L. RUPLE

v.

### J. B. JONES.

I Div. 837.

Supreme Court of Alabama.

Jan. 21, 1960.

Norborne C. Stone, Jr., Bay Minette, for appellee.

Jas. R. Owen, Bay Minette, for appellant.

MERRILL, Justice.

Appeal from a judgment in favor of the defendant below which was based upon a verdict resulting from the giving of the general charge with hypothesis in favor of the appellee, J. B. Jones.

The amended complaint consisted of twelve counts, wherein damages were sought against defendants Jones and Givens

for cutting and removing pine timber from appellant's land, and for the statutory penalty for cutting 301 trees from the property of appellant without his consent.

In counts "one" through "four" appellee was sued jointly with Givens; in counts "five" through "eight" appellee was sued individually; and in the other counts, Givens was sued individually. Each of the defendants pleaded the general issue.

After appellant rested, appellee rested and requested the general charge as to counts one through eight, and the court granted this request. Appellant then took a nonsuit as to defendant Givens and the jury returned a verdict in favor of appellee.

■ The first assignment of error is that the court erred in denying appellant's motion to issue, under Tit. 7, § 489, Code 1940, a subpoena duces tecum to defendants, requiring them to bring into court all records, etc. which would indicate the amount of lumber or trees sold by either to Scott Paper Co. during the week of March 24–29, 1958.

The court did not err because Tit. 7, § 489, deals with the production of papers by persons *not* a party to the cause. The section was not applicable to the parties defendant. Parties are controlled by Tit. 7, § 426, Code 1940.

■ Assignment of error 2 complains of the exclusion of a purported admission by the appellee. In the cross-examination of appellant, the following occurred:

"Q. Do you know of your own personal knowledge that the defendant, J. B. Jones cut some trees on your property? A. He admitted to it in Mr. Owen's office with he and I present—"

Appellee objected on the grounds that the conference in attorney Owen's office was for the purpose of discussing a settlement and was not admissible.

The court excluded the answer as not being responsive since the witness had "no personal knowledge." It is a fact that appellant had testified that he was out of town when the alleged trespass occurred, and could not have had personal knowledge of it. The ruling was correct.

■ Assignment 6 complains of the court's refusal to allow appellant to introduce the deposition of defendant Givens under the provisions of Act No. 375, Acts of Alabama 1955, page 901, listed in the pocket parts as Tit. 7, § 474(1)–(18). The deposition had been taken while Givens was in the status of a witness, but later he was made a party defendant.

The entire deposition was not offered but only certain extracts or portions from the deposition. In brief, appellant urges that it was error to exclude the following offered portion of the deposition:

"Q. Now Mr. Givens, in March of this year, or on or about March 26, 1958, did you cut some pulp wood or timber on lands which were represented to you to be the lands of Mary Grice or her father, Charles Dudley Grice? A. Yes sir.

"Q. Were you cutting this pulp wood under contract with any one, or did you buy the pulp wood—either one—did you buy the pulp wood from the Grices? A. No sir.

"Q. Did you contract to cut that pulp wood? A. Yes sir.

"Q. With whom did you contract to cut that pulp wood? A. With J. B. Jones.

"Q. The Mr. J. B. Jones that is here this afternoon? A. Yes sir."

Counts "one," "two," "four," "five," "six" and "eight" described the property by legal description and averred that the land and the trees were the property of the plaintiff. Counts three and seven are in trover but also allege that the trees were

the property of the plaintiff. It will be noted that Givens testified that the timber or pulpwood he cut was on lands represented to him as belonging to Mary Grice or Charles Dudley Grice. But the Grices are not parties to this suit. We have examined all of the proffered extracts and nowhere is the land identified as the land described in the complaint.

Since the land was not identified as being the land in question on which the trees were cut, the extracts were properly excluded. We do not intend to say that the full deposition of Givens does not identify the lands in question. But we are confined to a consideration of those portions of the deposition which were offered, and the required identification therein is lacking.

█ An additional reason applies to two of the counts. Counts "four" and "eight" are for the statutory penalty of $20.00 per tree, Tit. 47, § 272, Code 1940, as amended. The statute provides that the cutting must be done knowingly and willfully.

The authorities make a broad distinction as to the liability of a principal or master, where it is sought to hold him responsible upon the common law liability for the torts of an agent or servant, and when it is sought to recover from him a statutory penalty. In the latter, the liability is fixed and limited by the statute itself. The distinction is clear and rests upon sound principles of law. To subject anyone to the penalty of the act, it must be shown to have been willfully violated by proof that the party charged committed the forbidden act himself, or caused another to do it by his command or authority. Rudolph v. Holmes, 201 Ala. 461, 78 So. 839; Williams v. Hendricks, 115 Ala. 277, 22 So. 439, 41 L.R.A. 650, 67 Am.St.Rep. 32.

There was no evidence of any agency on the part of defendant Givens or any one else acting for appellee and within the line and scope of any authority of the appellee to connect him with the cutting of the trees.

The remaining assignments of error are concerned with the giving of the affirmative charge with hypothesis for appellee as to each count. What we have said in the preceding paragraph justified the giving of the charges. The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.