The plaintiff filed suit for damages for trespass and for cutting timber on land claimed to be owned by and in the possession of plaintiff. Jury verdict and judgment was in favor of the defendants. *Page 515 
The plaintiff appeals contending that the trial court committed reversible error in refusing to admit certain documents and testimony into evidence at the trial. We affirm.
The record reveals that one Grady Griffin was the owner of a tract of land adjoining the tract in possession of the plaintiff. Grady Griffin contacted the defendant Lockett about cutting the timber on Griffin's land. Lockett required that the land be surveyed and marked before he would cut the timber. The defendant Emma Griffin, the daughter of Grady Griffin, contacted a surveyor who surveyed the property and marked off what the survey showed to be Griffin's land. Subsequently, the defendant Lockett cut timber on the marked land.
Thereafter, the plaintiff had her land surveyed. The plaintiff's survey revealed that timber had been cut on the plaintiff's land. Subsequently, the plaintiff filed suit for damages for trespass and for cutting the timber.
Plaintiff contends the trial court erred in refusing to admit a statement of the plaintiff's surveyor which was written on the survey certificate. The statement was that at the time of the survey the surveyor found that the majority of the merchantable timber on the surveyed property had been cut and removed.
The plaintiff contends that this statement was admissible under Rule 44 (b), ARCP, as a memorandum of a transaction or occurrence made in the regular course of business. That is, the statement was based upon notes made by the surveyor while he was surveying the plaintiff's land.
Without conceding error, we note that error in excluding evidence is harmless where the same matter is established by other evidence. Harper v. Baptist Medical Center-Princeton,341 So.2d 133 (Ala. 1976); 2A Ala.Dig. Appeal Error, Key No. 1057 (1).
The surveyor testified to the same facts as those contained in the document sought to be introduced, i.e., that his personal observation was that most of the merchantable trees had been cut from the land he surveyed. Thus, we find no error.
The plaintiff next contends that the trial court erred in refusing to allow the plaintiff to testify as to the value of the trees which the plaintiff claimed were cut from her property.
The specific question asked of the plaintiff is as follows:
"Q. Do you have any idea what they were worth?"
It is evident that the question is defective and objectionable in form if for no other reason. There was no effort to correctly state a question as to the fair market value of the trees alleged to have been cut by defendants. Testimony of the witness as to the number of trees cut was permitted, without objection, but there was no further effort to question the witness as to her knowledge of their fair market value, nor of the before and after value of the land.
In any event, if it were the purpose of the court to prohibit testimony of the value of the trees cut as a measure of damages, it was without error. Such is not the measure of damages in an action for damages for trespass to land. Our supreme court in the case of Hammond v. Stephens, 269 Ala. 210,112 So.2d 324 (1959) fully supports the action of the trial court. Thus we find no error.
We last consider the charge of error in the refusal of the trial court to admit into evidence a tax deed to plaintiff's mother offered to prove ownership of the property where the alleged trespass occurred. Objection was made upon the ground that the offered deed did not describe the property but rather contained an incorrect description. There was testimony from the tax collector as to the property which he sold at public sale and which plaintiff's mother purchased. There was testimony from surveyors as to the location and proper description of the property and that a mistake had occurred in the advertisement for sale and the drawing of the deed. The beginning point was correct but there had *Page 516 
been an error in the direction of a side. After such unchallenged explanation the deed should have been admissible as the beginning of plaintiff's claim of title and possession. It clearly provided color of title sufficient to support adverse possession. Pierson v. Case, 272 Ala. 527,133 So.2d 239 (1961); Bonner v. Lockhart, 224 Ala. 29, 138 So. 541
(1931). However, after the initial offer of the deed to show title, we find no further effort to introduce the deed to establish title by adverse possession.
The action of trespass is a possessory action. Vasko v.Jardine, 346 So.2d 962 (Ala. 1977); § 6-5-213 (Code of Alabama 1975). Plaintiff was permitted to present testimony as to the purchase of land by her mother at the tax sale in 1966 and her continuous possession and payment of taxes for more than the statutory ten years. § 6-5-200 (Code of Alabama 1975). There was really little contest of her possession. The affirmative defense of defendants was that the trees were not cut from the property in the possession of plaintiff. The jury was charged that one in possession of land, with or without title, has the right to sue and recover damages for trespass and damage to the property. Considering the state of the evidence, the theory of trial and the charge to the jury, we find the denial of introduction of the tax deed into evidence, even if error, did not materially injure plaintiff's case. It appears the jury determined that defendants did not trespass upon and cut trees from plaintiff's land. We, therefore, deny reversal on all issues and affirm the judgment. ARAP 45.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.