EDWARD N. SCRUGGS, Retired Circuit Judge.
This case is for trespass Quare Clausum Fregit.
The plaintiffs were the owners of certain real estate, consisting of a 5.81-acre residential lot, upon which the defendants trespassed with their equipment and, according to some of the evidence, cut or damaged 441 of the plaintiffs’ trees and saplings.
An expert witness testified without objection that the difference in the value of the land before and after the trespass was $1,743. One of the plaintiffs swore without objection that some of the trees and tops that had been cut were left upon their property in a drainage ditch, and that it would cost between $2,100 and $2,200 to remove the debris therefrom.
After a non-jury trial, the learned trial court rendered a final judgment in favor of the plaintiffs for $3,843. The defendants have appealed and claim that the damages as ascertained by the circuit court were excessive or improper since the appropriate *1041 measure of compensatory damages for trespass to land through the cuttage of timber thereon is the difference between the value of the land immediately before and after the trespass, citing Hammond v. Stephens, 269 Ala. 210, 112 So.2d 324 (1959) and Agee v. Griffin, 389 So.2d 513 (Ala.Civ.App.), cert. denied, 389 So.2d 516 (Ala.1980).
The correct measure of damages for trespass quare clausum fregit is such difference in the before and after values. However, both of the cases relied upon by the defendants involved the issue of whether evidence could be introduced concerning the value of the trees which were cut during a trespass. Since the worth of such trees is not the proper measure of damages in a civil action for trespass to land, both cases held such evidence to be inadmissible.
Here, the evidence was not of the value of timber cut or damaged, but the issue is concerned with that testimony of one of the plaintiffs as to the cost of cleaning up the debris which remained after the trespass. “[I]n a count for damages for trespass quare clausum fregit, the damages recoverable are for injury to the lands.... ” Hammond v. Stephens, supra at 212, 112 So.2d 324.
Once the trial court determined that the defendants had trespassed upon the plaintiffs’ land, the court then, as to compensatory damages, had the duty to ascertain from the evidence and reasonable inferences therefrom, as to what amount of an award would provide full compensation to the owners for the injury caused to their land. Opinion evidence as to before and after values may be properly introduced after proper predicate therefor, but the rules of evidence do not solely limit proof of damages to such method. The reasonable cost of removing the debris was admissible and could be considered by the trial court in connection with all of the other evidence in determining the difference in the before and after values of the plaintiff’s land. Such expense could have a direct bearing upon the value of the land after the trespass.
We liken the evidence of this party plaintiff to evidence in an automobile damage case as to the cost of vehicular repair. In Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837 (1924), concerning that type litigation, it was stated:
In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury.. . .

[C]osts of repairs and other items in evidence should be looked to in connection with all the evidence, to determine the difference in market value immediately before and immediately after the injury.
In the present case in determining the before and after damages occasioned by the injury to the land, the trial court was authorized to consider the cutting and damaging of the 441 trees and saplings, the photographs which were introduced, the clean up costs, the nature of the land and its use, and all other competent evidence. The trial court was not here limited solely to the opinion evidence as to values before and after the trespass. All of such evidence was properly admitted to assist the trial court in fixing the true amount of compensatory damages pursuant to the proper measure of damages. It is reasonable and proper for a trial court to consider all of the evidence, and its reasonable tendencies, concerning injury occasioned to the land by a trespass in order to fix a fair, reasonable and just compensatory award pursuant to the established damage yardstick, the difference in before and after values.
Here, we cannot say that the trial court did not properly apply the correct measure of damages for the injury done to the plaintiffs’ land by the trespass of the defendants. We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Ala *1042 bama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.