ALMON, Justice.
Ernestine Reid Morgan brought an action against Sylvia L. Boatright and David J. Gamble, alleging trespass, conversion, and negligent or wanton destruction and removal of timber on Morgan’s property. After Gamble was discharged in bankruptcy, the case proceeded to trial against Boat-right. The trial court, sitting without a jury, awarded Morgan $20,000 in damages.
Boatright and Gamble entered into a contract wherein Gamble agreed to cut the timber on Boatright’s property for a stated consideration based on the amount of timber cut. The contract, which was drafted by Gamble, described 40 acres owned by Morgan instead of the land owned by Boat-right. A third party, Herschel Nichols, had shown the land to Gamble, and Gamble described the land according to his inspection of the ground and his review of topographic maps. He testified that when he presented the contract to Boatright, she said she did not know the legal description of the land. The contract included a warranty of title. Gamble testified that Boat-right left, saying that she was taking the contract to her lawyer for approval. He said that when she returned, she signed it.
Boatright’s principal arguments are that she did not commit a trespass because she did not perform the cutting; that Gamble was an independent contractor, not her agent, and that she therefore cannot be held liable for his trespass, citing Ruple v. Jones, 270 Ala. 282, 117 So.2d 389 (1960); *1092 and that Morgan’s proper remedy was to proceed against Gamble,[1] who could then proceed against her on her warranty of title if he so chose, citing Hollis v. Wyrosdick, 508 So.2d 704 (Ala.1987).
Boatright’s arguments are premised on the assertion that the entire complaint sounded in trespass. Gamble’s testimony indicated that Boatright came on the land during the cutting. Therefore, even if he was an independent contractor, she could be held liable for his trespass as having ratified it. See Chambers v. Cagle, 271 Ala. 59, 123 So.2d 12 (1960). Without addressing her arguments in regard to trespass, however, we note that the judgment is amply supported under either the conversion claim or the negligence claim. The trial court could have found that Morgan’s damages were caused either by Boatright’s negligence in signing the contract without verifying the description or by the conversion that proximately resulted from Boat-right’s signing the contract and from which Boatright received benefits.
Near the close of Morgan’s evidence, the following exchange between the attorneys and the court took place:
“THE COURT: Gentlemen, let me interrupt a moment and make an observation. Isn't the only issue in this case possibly the damages in this matter?
“Mr. Bains: I think that’s it, Judge.
“Mr. Blanton: Yes.”
The only evidence on damages was that of Morgan, who testified that, in her opinion, the land was worth $40,000 before the timber was cut and $20,000 afterwards. This was the correct measure of damages. Hammond v. Stephens, 269 Ala. 210, 112 So.2d 324 (1959); Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785 (1958).
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ„ concur.

. Boatright argues that Gamble’s trespass was an intentional wrong and that, therefore, Morgan’s claim against him was not dischargeable in bankruptcy.