PER CURIAM.
This is a trespass case.
In December 1989 Frank and Madgie Argo filed suit against Kenny Collum, Col-lum Motors and Mobile Homes (CMMH), and Stanley Wilson for trespass, intentional trespass, and statutory relief under §§ 35-14-1, -2, Code 1975. The action was originally filed in district court, but was later transferred to the circuit court after the Argos amended the complaint to seek damages in excess of $5,000, the district court’s jurisdictional limit.
After an ore tenus proceeding was held on the complaint, the court entered judgment “in favor of the plaintiffs and against the defendants,” and awarded damages of $7,500. Collum and CMMH filed a motion for new trial, which was denied, and this appeal ensued. Wilson did not join in the postjudgment motion and is not a party to this appeal.
We begin our review by noting the following pertinent facts: In August 1989 Kenny Collum sold a mobile home to William and Teresa Dawson. Financing for the purchase was arranged through CMMH and included an amount necessary for the installation of a septic tank and field lines for the Dawsons’ mobile home. The Dawsons were unable to find a contractor for the installation and asked Col-lum to locate someone for them. He subsequently contacted Stanley Wilson, who agreed to perform the septic tank work.
The Dawsons' mobile home lot was adjoined by the Argos’ property. In the course of installing the tank and field lines *1212 for the Dawsons, Wilson and his crew of workers crossed over onto the Argos’ property and pushed over twelve to twenty trees belonging to the Argos. Mr. Argo immediately informed Wilson of the trespass. The Argos subsequently attempted to obtain reimbursal from Wilson for the damage to their property and ultimately filed suit.
The Argos’ complaint is based in part on §§ 35-14-1, -2, Code 1975. These statutes provide a cause of action against .any person who willfully and knowingly cuts down, deadens, boxes, takes away, or otherwise destroys ornamental and fruit trees upon land that does not belong to him, without the consent of the owner. The statutes require specific amounts to be paid to the owner for each tree that is affected by the trespasser’s action, according to the type of plant. The terms “willfully” and “knowingly” as used in the statutes denote an intention to produce the result which actually comes to pass; mere negligence is not sufficient to incur liability. Vick v. Tisdale, 56 Ala.App. 565, 324 So.2d 279 (Ala.Civ.App.1975). An employer may be liable under this statute if it is shown that he, by his command and authority, caused his employee to commit the forbidden act. Ruple v. Jones, 270 Ala. 282, 117 So.2d 389 (1960).
The Argos’ complaint is also based on both the theory of general trespass and the theory of “trespass on the case.” An employer’s liability for general trespass is based on the doctrine of respon-deat superior; that is, an employer may be liable for consequential damages when his employee, acting within the course of the employer’s business, wrongfully trespasses on the property of another. C.O. Osborn Contracting Co. v. Alabama Gas Corp., 273 Ala. 6, 135 So.2d 166 (Ala.1961). The employer need not have even been aware of the employee’s actions, because liability arises from the employment relationship itself. In contrast, to incur liability under an action of “trespass on the case” the employer must have directed, aided, participated in, or ratified the employee’s trespass. The liability arises only when the employer directly causes or encourages the doing of the wrong. C.O. Osborn. This requirement is the same for both a corporate or individual employer. C.O. Osborn.
To recover damages from Collum and CMMH based on §§ 35-14-1, -2 or the theories of trespass, the Argos were required to establish at trial that Wilson was employed by Collum and CMMH. By returning a general verdict against all the defendants, the trial court apparently determined that such an employment relationship did exist. On appeal, Collum argues that he was never Wilson’s employer and thus could not incur liability for the damage to the Argos’ property.
The test for determining whether one is an agent or employee, as opposed to an independent contractor, is whether the alleged employer has reserved the right of control over the means and method by which the work is done. Branco Wood Products, Inc. v. C.C. Huxford, Jr. Grand-children’s Trust Dated December 31, 1976, 521 So.2d 73 (Ala.Civ.App.1988). Because working relationships take a wide variety of forms, each case must depend upon its own facts, and features of the relationship must be considered together to determine whether an employer is susceptible to liability. Branco.
At trial, Wilson testified that he is a self-employed independent contractor and has never been an employee of Kenny Col-lum or CMMH. Wilson stated that Collum merely referred him to the Dawsons for the septic tank job and that it was the first time he had gotten a referral from him. The Dawsons obtained a plan from the local health department for the placement of the tank and gave the plan to Collum, who passed it along to Wilson. There was no employment contract between Wilson and Collum or CMMH. Wilson provided all the tools and materials for the job and employed his own crew of assistants.
The record shows that Collum did not supervise any aspect of the work and that Wilson was not accountable to him for the methods and procedures that were followed. Collum did not impose any time *1213 limit on Wilson, and there is no evidence that he inquired about or otherwise attempted to monitor the work while it was in progress. Indeed, there is nothing to indicate that he would have had the right to do so. When Wilson completed the job, Collum paid him on behalf of the Dawsons, with funds set aside for that purpose from the mobile home loan that CMMH had financed for the Dawsons.
After reviewing this and other evidence in the record, we must conclude that there was no employer-employee relationship between Collum and Wilson. Instead, the record indicates that Collum merely acted as an agent of the Dawsons and engaged Wilson to install the septic tank at their behest. He did not have any right of control over the work to be performed and certainly did not direct Wilson to trespass onto the Argo property. Accordingly, Col-lum cannot be subjected to liability under §§ 35-14-1, -2 for the damage Wilson caused to the Argos, Ruple; nor can he be held liable under a theory of trespass. C. 0. Osborn. The trial court erred in finding such liability; thus, the judgment entered against Collum and CMMH is hereby reversed. This cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.