(124 So. 744)

## DUNN v. STATE.   (4 Div. 512.)

Court of Appeals of Alabama.   Nov. 26, 1929.

E. O. Baldwin and R. H. Jones, both of Andalusia, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.   Alcus Kilpatrick, about 19 years of age, and another boy younger than he, were on defendant's premises, under some pecan trees (ostensibly getting pecans), when defendant came up on them with a double-barrel gun in his hand, ordered Alcus to throw up his hands, and when Alcus faced him he fired point blank and deliberately into his face, striking him with 250 No. 6 shot, blinding him, knocking out two or three teeth, and otherwise wounding him.   Alcus is permanently injured and blind.   The defendant by way of defense says, when he spoke, Alcus said, "Go to hell," and started towards defendant and threw his hand to his pocket. Alcus was unarmed and in his shirt sleeves, and denies that he made any demonstration. The defendant also by way of plea says he was crazy.   There was some evidence tending to prove that defendant had warned the boys to "stay off of these premises."

The defendant, on the trial, requested the court in writing to give the following charge:

"(2) The court charges that if you believe from all the evidence in this case that the assaulted party had been warned to stay off the premises of the defendant, then he, the defendant, had a right to use such force as was necessary to eject him, the assaulted party."

This charge is bad, in that it is abstract. There is no evidence tending to show that defendant made any effort to eject Alcus from the premises, and certainly the trespass, if, indeed, it was a trespass, did not give defendant the right to kill.

It is insisted that the court committed error in refusing to allow defendant to introduce testimony tending to show that on a prior occasion Alcus Kilpatrick had had a difficulty with defendant, after which Alcus had made an effort to borrow a pistol from one Bradley.   There is no evidence tending to connect this incident with the present difficulty, it is not a part of the res gestæ, and relates in no way to the issues here involved.

The doctor, on being examined as to the condition of Alcus, and having testified in great detail as to his permanent injury, and that he was practically blind, was permitted, over defendant's objection, to testify that he could not see well enough to do farm work.   While this may have been a conclusion, there is no such error here as would injure defendant's cause.

There were numerous exceptions reserved to rulings of the court, by reason of rulings on the admissibility of evidence touching

the plea of insanity. We have examined each of these, and in them find no error prejudicial to defendant's rights. To pass upon each of these exceptions separately would extend this opinion to undue, and as we view it to unnecessary, length. In a general way, then, we may say that the plea of insanity contemplates an act for which the defendant is not criminally responsible, superinduced by a diseased mind. Facts tending to prove this, and that such was a fact at the time of the commission of the crime charged, are relevant. But testimony which tends to prove nothing more than a physical disease is only relevant as it relates to a diseased brain. Neither pellagra, nor a nervous condition, are any excuse for crime, either as justification or mitigation. The rulings of the court were in accord with the foregoing and are without error.

The court in his oral charge stated without error the doctrine of self-defense. In order for a defendant to invoke this doctrine, he must be free from all fault in bringing on the difficulty.

We have read this record with much care. It discloses an unusual state of facts, with a verdict which indicates that every doubt as to felonious intent was resolved in favor of defendant. In this state of the case merely technical errors should not be made the basis for a reversal.

Let the judgment be affirmed.

Affirmed.