35 So.2d 341

### LOPER v. GANGUET.

### 2 Div. 248.

Supreme Court of Alabama.
May 13, 1948.

Thos. F. Seale, Jr., of Livingston, for appellant.

Ira D. Pruitt, of Livingston, for appellee.

LIVINGSTON, Justice.

The one count of the complaint is in Code form, section 223, subdiv. 28, Title 7, Code, for trespass to certain described lands belonging to plaintiff, and for cutting timber thereon. The count is sufficient as against the demurrer interposed to it.

After the demurrer was overruled, the defendant filed plea of the general issue, and the cause was tried by the court without the intervention of a jury, and resulted in a judgment for plaintiff for the sum of $160. Defendant's motion for a new trial was overruled, and he appealed.

The overruling of defendant's motion for a new trial is assigned as error. The mo-

tion for a new trial was based on the ground, among others, that the judgment was excessive.

The appellant, defendant in the court below, admitted that he inadvertently cut thirteen trees on appellee's land.

The rule in this jurisdiction as to the measure of damages in an action of trespass on land and the destruction of trees, is not the value of the timber severed, but the injury to the land by reason of its severance,—the difference between the value of the land immediately before and after the trespass. White v. Yawkey, 108 Ala. 270, 19 So. 360, 32 L.R.A. 199, 54 Am.St. Rep. 159; Foust v. Kinney, 202 Ala. 392, 80 So. 474, and authorities cited; Fuller v. Fair, 202 Ala. 430, 80 So. 814, and authorities cited; Warrior Coal & Coke Co. v. Mabel Mining Co., 112 Ala. 624, 20 So. 918; Brinkmeyer v. Bethea, 139 Ala. 376, 35 So. 996; Riggin v. Hogg, 203 Ala. 243, 82 So. 341; Granade v. U. S. Lumber 'Co., 224 Ala. 185, 139 So. 409.

Clearly, this cause was tried in the court below on an entirely different theory. No evidence whatever was introduced by either party to establish the damages in accordance with the above state rule. All the evidence tended to prove the value of the trees after severance, as saw logs, poles or piling. No objection was interposed by either party raising the question of this method or manner of proving the damages claimed. Defendant admitted the trespass and cutting thirteen trees. Plaintiff did prove that other trees were damaged in the cutting, but introduced no evidence touching the extent of such damage. Plaintiff admitted that defendant did not remove the logs cut, and that he, plaintiff, sold them to another.

We are not unmindful of that line of our cases holding, in effect, that parties may frame their own issues, and thereby immaterial matters made material for that trial. See, Austin v. Clark, 247 Ala. 560, 25 So.2d 415, and authorities there cited.

But that is not the problem here presented. Here the problem is what to do in a case where the evidence furnishes no data for a computation of damages in accordance with the well established rule for computing damages in actions of this character. This cause is governed by the principle stated in the case of Patterson & Edey Lumber Co. v. Daniels, 205 Ala. 520, 88 So. 657, 658, where it was said: "In the absence of evidence furnishing the data for such computation, the trial court could not properly render judgment for more than nominal damages.—Wheeler v. Cleveland, supra [170 Ala. 426, 54 So. 277]; Curjel v. Hallett Mfg. Co., supra [198 Ala. 609, 73 So. 938]. The judgment for substantial damages was therefore erroneous."

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.