41 So.2d 297

### LEE v. THORNTON.
### 7 Div. 987.

Supreme Court of Alabama.
June 16, 1949.

Hawkins & Copeland, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellee.

LIVINGSTON, Justice.

The case went to the jury on count three of the complaint and they returned a verdict for the plaintiff, assessing his damages at $875.00.

Count three is in Code form, section 223, subdivision 28, Title 7, Code of 1940, for trespass to certain described lands belonging to plaintiff, and for cutting timber thereon.

■ The rule in this jurisdiction as to the measure of damages in an action of trespass on land and the destruction of trees is not the value of the timber severed but the injury to the land by reason of its severance—the difference between the value of the land immediately before and after the trespass. Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341, and cases therein cited.

No evidence whatever was introduced by either party to the litigation to establish the damages in accordance with the above-stated rule.

■ Parties may frame their own issues and thereby make immaterial matters material for that particular trial, Austin v. Clark, 247 Ala. 560, 25 So.2d 415; Loper v. Ganguet, supra, but the evidence introduced must furnish some data for a computation of damages in accordance with the well-established rule for computing damages in actions of this character.

■ Here, as in the case of Loper v. Ganguet, supra, in the absence of evidence furnishing the data for such computation, the trial court could not properly render judgment for more than nominal damages. The judgment for substantial damages was therefore erroneous.

Complaint is also made that the trial court in his oral charge erred to reversal by quoting from Joyce Kilmer's poem "Trees", the following: "Poems are made

by fools like me but only God can make a tree." A decision of the question is not necessary as the case must be reversed for the reasons previously stated, so perhaps having to try the case again for errors committed, the learned trial judge will not find himself in such a poetic frame of mind.

Reversed and remanded.

BROWN, FOSTER and SIMPSON, JJ., concur.