59 So.2d 799

**FORD v. SELLERS et al.**

**7 Div. 145.**

Supreme Court of Alabama.
June 19, 1952.

Merrill, Merrill & Vardaman and Chas. Thomason, Anniston, for appellees.

Young & Young, Anniston, for appellant.

STAKELY, Justice.

This is an appeal from the judgment of the circuit court granting defendants' motion for a new trial. The jury found the issues in favor of the plaintiff, appellant

here, under counts 1 and 2 of the complaint and assessed his damages at $550. Judgment was entered thereon.

Count 1 is for trespass to realty, Form 28, § 223, Title 7, Code of 1940, it being alleged in the count that the damages were "for a trespass by the defendants on the following tract of land towit * * * belonging to the plaintiff and for cutting the timber on said land on or about during the months towit April and May 1949." Count 2 is for the conversion "during the months of towit April and May 1949 of 55 pine trees, the property of the plaintiff."

■ The defendants filed their motion for a new trial assigning 23 grounds as the basis therefor. The court granted the motion but did not state the ground or grounds on which it was granted.

If the court's action in granting the motion was justified on any ground set forth in the motion, the judgment setting aside the verdict and judgment should be affirmed. American Mut. Liability Ins. Co. v. Louisville & N. R. Co., 250 Ala. 354, 34 So.2d 474; Birmingham Electric Co. v. Toner, 251 Ala. 414, 419, 37 So.2d 584.

■■ The court charged the jury that the measure of the plaintiff's damages under the first count of the complaint is the difference in the market value of the land trespassed on immediately before the commission of the injuries and the market value of the land immediately thereafter. The plaintiff introduced testimony tending to show the market value of the timber which had been cut by the defendants. There was no proof, however, showing the market value of the land immediately prior to and immediately following the alleged cutting of the timber. In Riggin v. Hogg, 203 Ala. 243, 82 So. 341, 342, it was pointed out that in a count for damages for trespass quare clausum fregit, the damages recoverable are for injury to the lands and not for the value of the timber. It was further pointed out that "the mere fact that it is alleged in the complaint that timber was cut, injured, and removed from the land does not constitute a claim for damages as for the value of the tim-

ber", that being "a mere description of the nature and character of the trespass to the land." The rule here stated is the rule obtaining in this jurisdiction. Lee v. Thornton, 252 Ala. 367, 41 So.2d 297; Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341; Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Granade v. United States Lumber and Cotton Co., 224 Ala. 185, 139 So. 409; Davis v. Miller-Brent Lumber Co., 151 Ala. 580, 44 So. 639. One of the grounds for the motion for a new trial is based on the failure of the evidence to which we have referred.

The case of Gowan v. Wisconsin-Alabama Lumber Co., 215 Ala. 231, 110 So. 31, is not contrary to the rule established in the foregoing cases. The decision here referred to merely holds that the trial court would not be put in error for refusing to charge that the defendant was not liable for more than nominal damages, in view of the fact that there was proof of some damage from the cutting of the trees. But that holding does not mean that in a count of trespass quare clausum fregit the recovery is not for damages to the realty and that the loss is measured under the rule stated in the foregoing cases.

■■ It may be contended that proof of damages to the timber might support a verdict under count 2 of the complaint for conversion of the timber after severance. Our view of the record however is that the weight of the evidence under count 2 was in favor of the defendants and that the court would have been justified in setting aside the verdict of the jury on this ground, which was one of the grounds of the motion. It is well settled that the trial court's action on motion for new trial based on the ground that the verdict was contrary to the evidence is presumed to be correct where the evidence is in conflict. Reed v. Thompson, 225 Ala. 381, 143 So. 559.

The judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.