Ernest Ellison Auditor General Tallahassee
QUESTION:
In light of applicable statutory and constitutional provisions, may the personnel, office equipment, official material and supplies, and office space of the office of the county sheriff be utilized in connection with the administration and operation of a program for the provision of security services to private businesses by sheriff's deputies on an off-duty volunteer basis?
SUMMARY:
No general law expressly or by implication authorizes the sheriff as a county officer or his office to administer and to operate a program providing security services to private businesses. Such program would serve to employ and to compensate off-duty deputy sheriffs by private business interests. Likewise, there is no lawful authority or basis for the sheriff's office to incur expenses or to use public personnel and property in operating security services by off-duty deputy sheriffs for private business.
Your question is answered in the negative.
According to your letter, during the course of your postaudit of the office of a county sheriff, a question has arisen with regard to the operation, by personnel of the sheriff's office, of an `off-duty' security service for private persons. In many instances on-duty personnel, equipment, materials, and space of the sheriff's office are used in connection with the operation of this service. Procedurally, the security service program is administered by personnel of the Uniform Division of the sheriff's office during their on-duty hours. The party requesting the services (usually a private business) telephones on the official line of the sheriff; on-duty personnel of the sheriff's office make note of the request and then assign deputies (on a volunteer basis) to fulfill the request. At the end of each week, an invoice is prepared by personnel of the sheriff's office on the official stationery of the sheriff's office and mailed to the private party for whom the services were performed. Checks for such services are made payable to an individual employed by the sheriff, utilizing the individual's rank and indicating that said officer is the `BSO Detail Officer.' You state that you have been advised that when the checks are cashed by the payee official, the proceeds are distributed directly by him to the deputies who performed the services for which payment was made. No deductions are made for the federal withholding tax nor are deductions and matching contributions made for social security and retirement purposes. At the end of the year, however, each participating deputy is given a statement for income tax purposes on the official stationery of the sheriff's office, indicating the total amount of money received by the deputy for the preceding year.
This office has previously stated that a sheriff, although a constitutional officer, is a county administrative officer whose powers and duties are prescribed by statute like other county administrative officers; he possesses only such authority as has been expressly granted by statute or is necessarily implied in order to carry out some function expressly imposed or authorized by statute. See AGO's 078-151, 076-171, and 075-161. See also s. 5(c), Art. II, State Const., which provides that `[t]he powers, duties, compensation and method of payment of state and county officers shall be fixed by law' and s. 1(d), Art. VIII, State Const. Cf. White v. Crandon, 156 So. 303 (Fla. 1934); Harvey V. Board of Public Instruction, 133 So. 868 (Fla. 1931); Lang v. Walker, 35 So. 78 (Fla. 1903); Buck v. McLean, 115 So.2d 764 (1 D.C.A. Fla., 1959); and 67 C.J.S. Officers s. 102.
Chapter 30, F. S., sets forth with particularity the powers and duties of the sheriff and the procedures which govern the operation of his office. The deputy sheriffs have the same power as the sheriffs appointing them. Section 30.07. I am not aware of any provision in Ch. 30, or any other general law, however, which expressly or by necessary implication authorizes the sheriff or his office to administer and operate a program providing security services to private business and serving as a conduit for the employment and compensation of off-duty deputy sheriffs by private interests. If the sheriff is without the statutory authority to perform the questioned activities, and I can find none, then there is no lawful authority or basis for the sheriff's office to incur expenses or use public personnel and property in the performance of such unofficial and unauthorized functions and operations. See
AGO 076-191 in which this office stated:
 While an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936). Moreover, no state or county funds may be disbursed or expended for any purpose unless budgeted or appropriated as prescribed by law and in strict accordance with the procedures prescribed by specific legislative authorities.
See also AGO's 078-151, 078-101, 078-94, and 075-161.
The operations of the sheriff's office are funded by budget appropriations from the board of county commissioners. Sections30.49 and 30.50, F. S. The sheriff is required to submit with the proposed budget `his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper and efficient operation of his office for the ensuing year.' Section30.49. To receive, process, account for, administer, and disburse the moneys paid by a private business or individual for the security services of the off-duty deputies by and through the sheriff's office would necessarily involve the use of personnel, supplies, paper, equipment, and space of the office which have been provided by county funds. Such functions and expenses therefor are outside the scope of the sheriff's statutory authority and are for private purposes, not governmental purposes. The moneys budgeted and appropriated for carrying out the powers and duties of the sheriff and for the operations of his office may not be used or expended for such things as personnel, supplies, equipment, accounting, and bookkeeping functions in administering and operating the security service program for the benefit of private interests and receiving and disbursing to deputies payments made by private persons for the security services of off-duty deputy sheriffs. Such activity on the part of the sheriff and his office is undertaken in a personal and individual capacity and not in his official capacity, and public employees and officers, public equipment, property, supplies, and materials may not be used for such purposes.
Moreover, the State Constitution prohibits the expenditure of public money for a private purpose. Section 1, Art. VII, State Const., impliedly limits the imposition of taxes and the expenditure of tax revenues to public purposes. See, e.g., AGO's 071-28 and 073-222. See also s. 9(b), Art. VII, State Const., with respect to ad valorem taxes. Section 10, Art. VII, State Const., prohibits the state or the county or any agency thereof from giving, lending, or using its taxing power or credit to aid any private interest or individual. The purpose of this constitutional provision is `to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most incidentally benefited.' Bannon V. Port Palm Beach District, 246 So.2d 737, 741 (Fla. 1971); State v. Town of North Miami, 59 So.2d 799 (Fla. 1952); and Bailey v. City of Tampa, 111 So. 119 (Fla. 1926). There must be `some clearly identified and concrete public purpose as the primary objective and a reasonable expectation that such purpose will be substantially and effectively accomplished, [in order] that the state or its subdivision may disburse, loan or pledge public funds or property to a [private party].' O'Neill v. Burns, 198 So.2d 1,4 (Fla. 1967). See also s. 145.121, F. S., pertaining to funds derived from the use of personnel, equipment, or space of the office of a county official, including the sheriff, which provides that such funds shall be included in the income of the office and `[n]othing herein shall be construed as authorizing a county official to use his office or its personnel or property for a private purpose.' With respect to the instant inquiry, the personnel, materials, supplies, equipment, and space of the sheriff's department are being used to further the administration and operation of the security service program and the employment of off-duty deputies to furnish security services to and forprivate persons and businesses. There is no `clearly identified and concrete public purpose as the primary objective' as required by the O'Neill court to justify the performance of such functions or the use or expenditure of public funds to defray the expenses thereof.
Therefore, I am of the opinion that the personnel, equipment, materials, property, supplies, and space of the office of the sheriff may not be utilized in providing such private security services.
Prepared by:
Joslyn Wilson Assistant Attorney General