The plaintiffs sued the defendants for breach of implied warranty of habitability. After an ore tenus hearing, the trial judge rendered a judgment in favor of the plaintiffs. The defendants appeal and we affirm.
The dispositive issue is whether the evidence supports the trial court's action. *Page 843 
The record reveals the following: The defendants are in the business of constructing houses for the purpose of sale as new residences. One such house was located at 805 Edgewood in Sheffield, Alabama. In June 1978, the plaintiffs moved into the house and in August, 1978, they purchased the house. The plaintiffs were the initial residents of the house.
When the plaintiffs took possession of the house they were aware of no defects nor were any defects visible to them. Later, however, certain problems began to develop. These problems included a ridge down the middle of the house, cracked walls, the hearth separating from the mantle, the chimney smoking through the walls, cracked front porch, difficulty in opening and closing doors, and a sagging kitchen floor. The existence of most of these problems is largely undisputed by the defendants. Instead, the defendants contend the problems are due to the normal settling of the house.
The only evidence as to the effect of the above problems on the value of the house was offered by the plaintiffs. The plaintiff, Anthony Canales, testified that, as a result of the above defects, the market value of the house had been reduced from $58,000 to $50,000 or $51,000.
Based upon the foregoing evidence, the trial court rendered judgment in favor of the plaintiff in the amount of $7,000 plus costs. As indicated, the defendant appeals from this judgment.
The defendant specifically contends the plaintiff failed to establish the existence of an implied warranty of fitness and habitability. Our supreme court in Sims v. Lewis, 374 So.2d 298,303 (Ala. 1979), stated that a claim under implied warranty involved at least the following:
 (1) The plaintiffs purchased a new residence from the defendants; (2) The defendants had constructed the residence; (3) The residence had not been inhabited by any other person or persons prior to the purchase of the residence; (4) The residence was constructed by the defendants for purposes of sale and was sold in a defective condition, which defective condition impaired the intended use of the residence, namely, inhabitation; (5) Plaintiffs were not aware of the defective condition and were not possessed of any knowledge or notice by which they could have reasonably discovered it; (6) By reason of the defective condition, the plaintiffs suffered damages in the form of a decrease in the fair market value of the residence. Theis v. Heuer, 264 Ind. 1, 280 N.E.2d 300, 303 (1972).
The trial court, in its judgment, made specific findings of fact on each of the above elements. The record reflects that each of these findings was supported by the evidence. Where the trial court's judgment is supported by the evidence it will not be disturbed on appeal. Knapp v. Knapp, 392 So.2d 527 (Ala. 1980).
The defendant next contends that the amount of damages was not properly proven and was unreasonable. An owner of property may testify as to the value of such property. State v. Hastie,333 So.2d 795 (Ala. 1976); Cinader v. Cinader, 367 So.2d 487
(Ala.Civ.App. 1979); C. Gamble, McElroy's Alabama Evidence § 128.11 (1977). In the instant case, the only evidence as to the diminished value of the house came from its owner, a plaintiff. He testified the house had decreased in value approximately $7,000 to $8,000. After hearing this evidence, the trial court rendered judgment for plaintiff in the amount of $7,000.
Where evidence has been presented ore tenus, the trial court's findings as to the amount of damages will not be disturbed in absence of an abuse of discretion. S.A. Martin v. House ofCarpets, Inc., 41 Ala. App. 460, 135 So.2d 171 (1961). An award based upon competent, undisputed evidence is not unreasonable and does not constitute an abuse of discretion.
The defendant also contends that the evidence was insufficient to prove a fraudulent attempt to conceal. This case, however, was decided on the basis of breach of implied warranty. Fraud is not a necessary *Page 844 
element in that cause of action. Consequently, any discussion of fraud is pretermitted.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.