BOWEN, Presiding Judge.
Harold Peeples was convicted for the third degree assault of Charles E. Williams, sentenced to sixty days in the city jail, and fined $500. On appeal from that conviction, Peeples contends that the trial court erred in refusing to instruct the jury on the law of trespass and the use of force in defense of premises.
Peeples owned and operated the Family Bargain Center on Fairview Avenue in Montgomery. On July 7, 1986, Williams asked Peeples to either refund his money or exchange the batteries he had just purchased because Williams claimed they were defective. The two men argued and Pee-ples told Williams to leave the store and, according to Peeples, not to return. Before he left, Williams said, “I’ll own this damn stuff in here,” according to Peeples’ testimony.
A short time after leaving, Williams returned to the store because, according to his own testimony, he had forgotten two of the four batteries he purchased and the sales receipt. Williams walked to the cash register counter with a paper sack in his hand. Peeples, without saying a word, hit Williams on the back of his head with the “fat end” of a pool stick. The wound required thirteen stitches.
The trial court refused Peeples’ requested jury charges one through six questioning whether “this trespass is a defense” and whether “there’s enough evidence to warrant giving a charge on it.” We find no error in his refusal, although we reject his reasons for that refusal.
*367 A store owner “may use physical force upon another person when and to the extent that he reasonably believes it necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by the other person in or upon such premises.” Alabama Code 1975, § 13A-3-25.
“A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.” § 13A-7-4(a).
“A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed, invited or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person.” § 13A-7-l(4).
It is clear that, if Peeples’ testimony is accepted as true, Peeples had a statutory right to prevent a trespass by the use of reasonable physical force.
The city’s reliance upon Central Iron & Coal Co. v. Wright, 20 Ala.App. 82, 90, 101 So. 815, cert, denied, Ex parte Central Iron & Coal Co., 212 Ala. 130, 101 So. 824 (1924), for the argument that Williams was entitled to return to the store for the batteries he had left and to “wind up his business” is not justified. Although the present trespass of the Criminal Code is essentially a restatement of previously existing law, Commentary to § 13A-7-1, Alabama Code 1975, there are significant differences in the language of the former and present statutes.
Former § 13-2-100, trespass after warning, involved “(a)ny person who, without legal cause or good excuse, enters ... on the premises of another, after having been warned within six months preceding not to do so.” (Emphasis added.) Wright held that one was not guilty of trespass under this statute where the reentry after warning was for the “bona fide purpose of securing his clothing” and “closing up his business.” These were “good excuses” and the statute was “not directed against a trespass made under good excuse.” Wright, 20 Ala.App. at 90-91, 101 So. 815.
Criminal Code trespass is directed against a person who enters or remains unlawfully, “regardless of his intent.” § 13A-7-l(4). Consequently, Williams, having been warned to leave the store and not to return, could not claim that he was not a trespasser because he had a “good excuse” to. return. Criminal Code trespass does not recognize such an exception or defense, although it must be proven that the trespasser acted knowingly. § 13A-7-4, § 13A-2-2(2).
Even though Peeples was entitled to use reasonable force in preventing a trespass, the trial court did not err in refusing to instruct the jury in that regard. The evidence does not support that defense because Peeples’ testimony was to the effect that he acted in defense of self and not in defense of the premises.
Peeples testified that, when Williams returned to his store, “I didn’t say nothing. I just reached down and got the stick and he was standing right there with a paper sack in his hand and I didn’t know what he had in his hand and I hit him with the stick. * * * [H]e was standing there at the counter with a bunch of sacks in his hand. I didn’t know what he had.” Here, there was no testimony that Peeples was attempting to eject a trespasser or defend his property. Dunn v. State, 23 Ala.App. 321, 124 So. 744 (1929).
The judgment of the circuit court is affirmed.
AFFIRMED.
TYSON, TAYLOR and PATTERSON, JJ., concur.
MeMILLAN, J., concurs in result only.