ROBERT P. BRADLEY, Retired Appellate Judge.
John Wesley Underwood and Cynthia Faye Hall met in April 1985. Underwood purchased a house in July 1986, and Ms. Hall moved in with him a few days later. The parties were not married at the time, nor did they ever marry. Ms. Hall’s two children also lived at the residence.
In August 1988 Underwood decided to separate from Ms. Hall and moved out of the house, leaving most of his belongings there. After Underwood repeatedly refused to contact Ms. Hall or return to the residence, Ms. Hall destroyed some of his possessions.
On February 27, 1989 Underwood filed a complaint against Ms. Hall, alleging conversion of his personal property. On March 27, 1989 the defendant filed an answer to the complaint, along with a counterclaim for assault and battery. In the counterclaim, the defendant alleged several instances of abuse by the plaintiff and asked for both punitive and compensatory damages. The original counsel for defendant then withdrew from the case. On December 13, 1989 the new counsel for defendant filed an amended counterclaim alleging further instances of abuse.
The case was tried ore tenus on May 4, 1990 in the Mobile County Circuit Court. On May 22, 1990 the court entered a judgment of $4,000 for the plaintiff on his claim of conversion and entered a judgment of $10,000 for the defendant on her counterclaim for assault and battery. The plaintiff appeals from both awards, contending the amounts are unreasonable.
Where evidence has been presented ore tenus, the trial court’s findings as to the amount of damages will not be disturbed in absence of an abuse of discretion. Carson v. Canales, 409 So.2d 842 (Ala.Civ.App.1981). An award based upon competent evidence is not unreasonable and does not constitute an abuse of discretion. Carson. This court must review the evidence, and all reasonable inferences therefrom, to ascertain whether such competent evidence exists. Brendle Fire Equipment, Inc. v. Electronics Engineers, Inc., 454 So.2d 1032 (Ala.Civ.App.1984).
The plaintiff first argues that the trial court erred in awarding him a mere $4,000 in compensatory damages for the loss of his personal property, which he valued at over $12,000.
At trial, the plaintiff offered into evidence an extensive list of possessions missing from the residence. The list included various pieces of restored furniture, vintage radios, and paintings created by the plaintiff. The plaintiff presented purchase receipts for many of the listed items, as well as receipts for the cost of restoring *492 the antiques. These receipts totaled approximately $4,000.
The plaintiff testified that he expected his purchases to appreciate in value and to ultimately be worth about $12,000.
We do not find that the trial court erred in assessing the loss of property at only $4,000, which was the approximate value at the time of purchase. Except for his own opinion testimony, the plaintiff offered no additional evidence to verify that his antiques and paintings would ultimately be worth $12,000, or even that a lucrative market exists for these possessions. Accordingly, we find no error in the judgment of the trial court on this claim.
Next, the plaintiff contends that the trial court erred in awarding the defendant $10,000 for her counterclaim of assault and battery.
The record reveals that the defendant suffered various injuries to her face and body during the time that she lived with the plaintiff. One such instance of abuse resulted in a broken wrist for the defendant, who then missed ten weeks from her job as a grocery store cashier. The record further shows that the defendant lost approximately $1,500 in wages during that time and incurred several thousand dollars worth of medical bills.
At trial, Mr. Underwood firmly denied ever having physically harmed the defendant. However, testimony from several other witnesses indicates that Mr. Underwood did abuse Ms. Hall on different occasions.
When the trial court in an ore tenus proceeding makes findings of fact after hearing conflicting evidence, these findings are presumed to be correct unless there is no credible evidence to support them. Smith v. Mid South Fiberglass, Inc., 531 So.2d 649 (Ala.1988). The record yields competent evidence to support the trial court’s conclusion that Mr. Underwood did indeed abuse Ms. Hall and was responsible for her broken wrist. In so concluding, the trial court could properly award both compensatory and punitive damages to the defendant.
Punitive damages are in large measure discretionary, within reasonable bounds and, unless the amount awarded is so excessive as to indicate prejudice or passion, such an award will not be reversed. Trahan v. Cook, 288 Ala. 704, 265 So.2d 125 (1972). In view of the evidence, the trial court’s award of $10,000 in compensatory and punitive damages does not amount to an abuse of discretion; thus, it cannot be altered.
There being no error in the trial court’s decisions on the claim and counterclaim, both judgments are hereby affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.