WRIGHT, Retired Appellate Judge.
Knox Vaughn, Jr., and Minnie Gay Scho-field Vaughn sued Art Persky and Lapine Airport, Inc., requesting the trial court to establish the boundary line between their property and Persky’s property, to quiet title to certain property, and to award damages caused by Persky’s trespass. The Vaughns also requested the trial court to restrain Persky’s use of a landing strip and to award them a reasonable attorney fee and costs. Following oral proceedings, the trial court entered a judgment, quieting title in the Vaughns to five acres of property and establishing the boundary line between the Vaughns’ property and Persky’s property. The trial court also enjoined Persky and the airport from using the landing strip for public, commercial, or business purposes until they receive a license or permit from the Alabama Aeronautics Department. The trial court further stated as follows:
“d. [Persky’s] aircraft shall take off from the [landing strip] in a northeasterly direction and land thereon in a southwesterly direction consistent with wind and weather conditions, but if such conditions require otherwise, then consistent with such conditions, takeoff in a southwesterly direction shall be executed with maximum possible elevation in a left turning pattern, and landing in a northeasterly direction shall be executed with maximum possible elevation in a right turning pattern.
“e. All reasonable safety rules, regulations, and practices shall be followed in the operation of aircraft using the [landing strip] by [Persky and the airport] so as to eliminate the risk of injury or damage to [the Vaughns] and their property and to reduce the factors of noise, nuisance, or undue interference with the peaceful use and enjoyment of their home and property by [the Vaughns].
[[Image here]]
“5. The [Vaughns] shall have and recover of [Persky and the airport] damages for the trespass and cutting of timber and causing other damage to their property as follows:
"a. Timber $ 6,500.00
“b. Cleanup expenses 8,500.00
“c. Loss of income 3,270.94
“d. Transportation, telephone, photographs, & incidental expenses 330.00
“e. Attorney fee 0
“f. Mental anguish 0
“TOTAL DAMAGES $13,600.94
“and costs, for which execution may issue.”
Persky and the airport filed a motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial, which the trial court denied.
Persky and the airport appeal, contending that the trial court erred in awarding the Vaughns $3,270.94 for lost income and *416 $330.00 for their expenses; in awarding the Vaughns $6,500.00 as damages for timber and $3,500.00 as cleanup costs; in finding that Persky’s landing strip constituted a nuisance; in regulating the manner in which Persky can take off and land at his landing strip; and in ordering Persky and the airport to pay one-half of the cost of a fence on the boundary line between two properties.
The record reveals the following facts: In 1993 Mr. Vaughn purchased approximately five acres of property from Tyre Spear and Inez Spear. In 1995 Persky received a deed to approximately five acres of property from the Spears. When Persky cut timber from, and cleared a portion of, the five-acre property, he did not know about the 1993 deed to Mr. Vaughn.
At trial the parties stipulated to the location of the boundary line, to quiet title in the Vaughns to the five-acre property, and to enjoin Persky from operating his landing strip in a manner that was inconsistent with federal and state law. The parties also stipulated that the only issue to be determined by the trial court was the damages for Persky’s trespass. The Vaughns’ counsel also stated that the Vaughns were going under the common law theory of trespass, not the statutory provision for the cutting of timber.
Mr. Vaughn testified that he did not know the fair market value of the property, but he hired someone who estimated that the fair market value of the timber cut from the property was $726.49. He also stated that he missed 18 days of work to attend depositions, to meet with his attorney, to gather deeds, and to do research. Mr. Vaughn stated that he lost $3,270.49 in income; that he had $330.00 in expenses for telephone calls, for photographs, and for transportation costs; and that he had received an estimate of $3,500.00 to clean up the area where the timber had been cut. Mr. Vaughn stated that frequent helicopter flights at night disturbed him. He later admitted that after he learned that the Army National Guard Helicopter Unit was conducting night missions in his area, he reported his problems with the night flights to a Major Wallace.
Mr. Persky testified that he had applied for a private airport license from the State Aeronautics Department, but had not received approval of his application, and that only he and his family could use the landing strip. He stated that he had never given anyone, other than his family, permission to use the landing strip.
Robert Keith Hartsell, an airport inspector with the State Aeronautics Department, testified that he had inspected Per-sky’s landing strip and that it had some problems. Persky needs to cut trees at either end of the landing strip and to widen the landing strip before his license application will be approved. Hartsell stated that Persky can use the landing strip for his or his family’s personal use, but cannot allow other people to use the landing strip.
The general rule in Alabama is that expenses of litigation are not recoverable as damages unless authorized by contract or statute. Highlands Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So.2d 1060 (Ala.1978). The measure of damages for trespass when trees have been cut is the difference between the value of the land before the cutting and the value of the land immediately after the cutting. Manning v. White, 423 So.2d 853 (Ala.Civ. App.1982). In this case, there is no contractual or statutory authority for the award of Mr. Vaughn’s expenses; therefore, we conclude that the trial court erred in awarding the Vaughns $3,270.49 in lost income and $330 in expenses. Additionally, the Vaughns did not present any evidence of the difference between the value of the land before the timber was cut and the value of the property after the timber was cut. Therefore, we conclude that the trial court also erred in awarding the *417 Vaughns $6,500 for timber and $3,500 for cleanup costs.
Persky and the airport also contend that the Vaughns failed to present evidence that Persky’s landing strip constituted a nuisance.
A private nuisance is a nuisance that is injurious to one or a few individuals. § 6-5-121, Ala.Code 1975. A nuisance consists of intentional, negligent’, or unintentional conduct that works to hurt, inconvenience, or damage the complaining party. Tipler v. McKenzie Tank Lines, 547 So.2d 438 (Ala.1989). Additionally, a plaintiff must prove the tort elements of duty and causation to make a prima facie case of nuisance. Id. Mr. Vaughn complained about the helicopter flights made at night by the Army National Guard.
The Vaughns did not present any evidence that Persky’s airplanes, or his use of the landing strip, inconvenienced them or worked to hurt them or their property.
After carefully reviewing the record, we conclude that the Vaughns failed to present a prima facie case of nuisance against Persky or the airport; therefore, the trial court erred in regulating or specifying the landing and takeoff patterns used by Per-sky ,or his family.
The judgment of the trial court is reversed and the case is remanded to the trial court for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
THOMPSON, J., concurs.
MONROE, J., concurs specially.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur in the result.