PITTMAN, Judge.
Angeline Caudell Glass sued Robert L. Martin, alleging that Martin, while logging on property adjacent to hers, had intentionally trespassed on her land and cut her timber. The complaint, which sought compensatory and punitive damages, stated a single claim of trespass. There were no claims alleging conversion or seeking statutory penalties pursuant to Ala.Code 1975, § 35-14-1. Martin denied the allegations of the complaint, and the case proceeded to a bench trial.
Glass testified that early one morning in September 2008 she heard the noise of chain saws and walked into the woods behind her house to investigate. There, she said, she saw Martin and four other men cutting trees. She informed Martin that he was on her property and instructed him to leave. Martin explained that Thompson, the owner of the adjacent property, had authorized him to cut timber and had pointed out the property on which the cutting was to be done. Martin stated that he thought the area where he was cutting belonged to Thompson, but, he added, if he was wrong, he would “settle up” with Glass. Martin and his crew then departed. Glass testified that several days later she found Martin and his crew cutting trees on her property again. Glass confronted the men and warned them that if they came back on her property they would “go to jail.” According to Glass, Martin’s crew ran off into the woods and Martin told her, “Don’t call the law; we’ll handle it between us.” A few days later, Glass saw Martin on Thompson’s property and presented him with a bill for what, she estimated, he owed her. About a week later, Glass discovered Martin and his crew cutting trees on her land a third time. She informed them that if they came on her property again she “was going to shoot them.” Martin asked Glass “not to call the law,” stated that he was insured and bonded, and told her that they could “straighten out” matters between themselves.
*133 Glass testified that she had counted 52 stumps in the area where Martin and his crew had been cutting on her property. She said the stumps were the remains of hardwood trees, some of which were over 100 years old. Glass testified that she was seeking compensation for Martin’s unauthorized cutting and removal of timber on her property — activity that, she said, had also littered her property with debris, had cut a partial road through her wooded acreage, and had caused runoff from a hillside that, unchecked by vegetation, had muddied the water in a lake on her property. She estimated that her damages totaled $25,000 to $30,000. Martin did not object to that testimony.
Martin testified that he had not intentionally cut trees on Glass’s property. He maintained that, if he had mistakenly cut any trees on Glass’s property, he had cut only 7 trees, most of which, he said, were pines. A surveyor testified that, after walking the property line between Glass’s and Thompson’s lands, he saw that only 8 to 10 trees had been cut on Glass’s side of the line.
After the bench trial, the trial court viewed Glass’s property and entered the following judgment:
“This cause came before the court for trial. Having considered the testimony, visual inspection of the property, the court finds that [Martin] did in fact encroach onto [Glass’s] property (though not to the extent thought by [Glass]), while timbering the adjoining property. The court finds that this trespass continued to occur even after warning and protest by [Glass], As a result of [Martin’s] intentional trespass, [Glass] has been damaged and injured by the loss of her trees and by [Martin’s] failure to remove debris from [Glass’s] property.
“It is, therefore, ordered that judgment be, and it hereby is, entered in favor of [Glass] and against [Martin] in the total amount of $25,000.00.”
Martin filed a postjudgment motion, arguing that the damages award was excessive. The trial court granted Martin’s motion, set aside its previous judgment, and entered the following new judgment in favor of Glass:
“This cause is before the court on [Martin’s postjudgment motion]. Having considered the motion and reviewed the facts in this case, the court finds that the judgment is excessive in light of the damage sustained by [Glass] and the culpability of [Martin]. Accordingly, the [postjudgment motion] is GRANTED. The Order of July 27, 2010, is hereby set aside and held for naught.
“Judgment in the amount of $15,000.00 is hereby entered in favor of [Glass] and against [Martin] for which execution may issue.”
Martin timely appealed. Citing Ford v. Sellers, 257 Ala. 404, 59 So.2d 799 (1952), and other authorities, Martin argues that the trial court erred in awarding Glass more than nominal damages because, he says, by neglecting to present evidence of the difference between the value of her property immediately before and immediately after the trespass, Glass failed to establish her entitlement to damages. In Ford, our supreme court held:
“[I]n a count for damages for trespass quare clausum fregit, the damages recoverable are for injury to the lands and not for the value of the timber.... ‘[T]he mere fact that it is alleged in the complaint that timber was cut, injured, and removed from the land does not constitute a claim for damages as for the value of the timber,’ that being ‘a mere description of the nature and character of the trespass to the land.’ ”
*134 257 Ala. at 405, 59 So.2d at 800 (quoting Riggin v. Hogg, 203 Ala. 243, 244, 82 So. 341, 342 (1919)). See also Persky v. Vaughn, 741 So.2d 414, 416 (Ala.Civ.App.1998) (stating that “[t]he measure of damages for trespass when trees have been cut is the difference between the value of the land before the cutting and the value of the land immediately after the cutting”). Glass argues that Martin has not preserved for review the issue that her failure to present evidence of the value of her property before and after the trespass means that she is not entitled to more than nominal damages because, she says, Martin did not object to her testimony regarding damages or otherwise bring the issue to the attention of the trial court.
Citing Loper v. Ganguet, 250 Ala. 584, 35 So.2d 341 (1948), Martin contends that he preserved the issue by filing a post-judgment motion challenging the damages award as excessive. Loper is similar to the present case in the following respects: (a) the complaint stated a single claim for “trespass to ... lands belonging to the plaintiff, and for cutting timber thereon,” 250 Ala. at 584, 35 So.2d at 341; (b) the plaintiff presented no evidence as to the difference in the value of the land immediately before and immediately after the trespass but, instead, presented evidence that “tended to prove the value of the trees after severance,” 250 Ala. at 585, 35 So.2d at 341; (c) the defendant did not object to the plaintiffs proof concerning damages; (d) the trial court entered a judgment in favor of the plaintiff and awarded substantial damages; and (e) the defendant filed a postjudgment motion asserting that the judgment was excessive. The Loper court held that, because the evidence furnished no basis for computing the damages for injury to the plaintiff’s land, “ ‘the trial court could not properly [have] render[ed] a judgment for more than nominal damages.’ ” 250 Ala. at 585, 35 So.2d at 342 (quoting Patterson & Edey Lumber Co. v. Daniels, 205 Ala. 520, 521, 88 So. 657, 658 (1921)).
We conclude that, despite its similarities to the present case, Loper is distinguishable, and the trial court’s damages award in this case can be upheld on the basis that, unlike the plaintiff in Loper, Glass sought (and the trial court apparently found that the evidence established a basis for awarding) punitive damages. “Once actual damages, even nominal damages, are established, punitive damages may be awarded if it is a proper case to do so.” AAA Emp’t, Inc. v. Weed, 457 So.2d 428, 432 (Ala.Civ.App.1984) (citing National States Ins. Co. v. Jones, 393 So.2d 1361, 1368 (Ala.1980)).
“Punitive damages are ... available to a plaintiff in a trespass action, even if only nominal damages are awarded, ‘if the trespass is attended by rudeness, wantonness, recklessness or an insulting manner or is accompanied by circumstances of fraud and malice, oppression, aggravation, or gross negligence.’ Rushing [v. Hooper-McDonald, Inc.], 293 Ala. [56,] 61, 300 So.2d [94,] 98 [ (1974) ].”
Downs v. Lyles, 41 So.3d 86, 92 (Ala.Civ.App.2009).
In the present case, the trial court’s amended judgment reflects that, in awarding damages, it considered Martin’s “culpability.” In its initial judgment, the trial court found that “[Martin’s] trespass continued to occur even after warning and protest by [Glass].” That continued trespass after warning and protest warrants the award of punitive damages can be deduced from the fact that a “[fjormer [criminal statute, Ala.Code 1975,] § 13-2-100, [pertaining to] trespass after warning, [penalized] ‘(a)ny person who, without legal cause or good excuse, enterfed] ... on *135 the premises of another, after having been warned within six months preceding not to do so.’ ” Peeples v. City of Montgomery, 506 So.2d 366, 367 (Ala.Crim.App.1986). Our caselaw has recognized that the wantonness necessary for the imposition of punitive damages as to a civil trespass claim “is shown by mere ‘knowledge on the part of the defendant ] of the invasion of the plaintiffs rights.’” Hickox v. Vester Morgan, Inc., 439 So.2d 95, 101 (Ala.1983) (quoting Calvert & Marsh Coal Co. v. Pass, 393 So.2d 955, 956 (Ala.1980)).
In Calvert & Marsh Coal Co. v. Pass, the court noted “that the word ‘wanton’ when used in an action for trespass is not governed by the same rules as when used in a negligence action.” 393 So.2d at 956. In a trespass action, the court held, wantonness “means simply an invasion of the plaintiffs’ premises with knowledge of the violation of plaintiffs’ rights.” Id. See also Wray v. Mooneyham, 589 So.2d 181, 183 (Ala.1991) (concluding that wantonness was shown by the defendant’s admission “that he was informed at least twice by [the plaintiff] that the boundary was in dispute, and that he was asked not to cut the timber until the dispute was resolved,” but that the defendant had “made no effort to have Drennen Timber Company discontinue cutting the timber”); Stewart v. Lowery, 484 So.2d 1055, 1060 (Ala.1985) (holding that the jury could have found that the defendant’s conduct was wanton because, “even after he was put on notice that the [plaintiffs] claimed the property between the road and the hedgerow[, the defendant] continued coming on that property and piling debris, erecting fence posts, and doing other acts which could have led the jury to conclude that [the defendant] attempted to take over property that did not belong to him”).
Because the evidence supports a conclusion that Martin’s trespass was wanton, the trial court was authorized to award punitive damages in addition to nominal damages.[1] See Downs v. Lyles, 41 So.3d at 94. “In the presence of such evidence, punitive damages are for the discretion of the trier of fact.” Driver v. Hice, 618 So.2d 129, 132 (Ala.Civ.App.1993). This court may not reverse a trial court’s damages award unless it is “palpably wrong, ... without supporting evidence, or ... manifestly unjust.” Id. “[Ujnless the amount awarded is so excessive as to indicate prejudice or passion, such an award will not be reversed.” Underwood v. Hall, 572 So.2d 490, 492 (Ala.Civ.App.1990). The record indicates no reason to conclude that the damages award was the result of prejudice or passion.
The judgment of the Shelby Circuit Court is affirmed.
AFFIRMED.
THOMAS, J., concurs.
THOMPSON, P.J., and BRYAN and MOORE, JJ., concur in the result, without writings.

. Although the trial court did not apportion its damages award as required by Ala.Code 1975, § 6-11-1, "any error based on that ground cannot serve as a basis for reversal because it was not argued to the trial court. See Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38, 46 (Ala.1990).” Downs v. Lyles, 41 So.3d at 93-94.